[Civ. No. 20598. Third Dist. Nov. 25, 1981.]

DORIS CANTOR, Plaintiff and Appellant, v.
MICHAEL J. ANDERSON et al., Defendants and Respondents.

Counsel

Jennings & Jenks and C. Breck Jones for Plaintiff and Appellant.

Johnson & Hoffman and Dianna Z. Hoffman for Defendants and Respondents.

Opinion

**BLEASE, J.**—Plaintiff, Doris Cantor, appeals from a judgment of dismissal entered after the trial court sustained defendants', Michael J. Anderson and Laureen Anderson, demurrer without leave to amend. We consider whether the recent amendments to Civil Code section 1714,[1] which inter alia abrogate the rule of *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 545 P.2d 249], preclude a common law action predicated upon injuries concurrently caused by the foreseeable effect of alcohol upon a person possessed of an exceptional mental or physical condition. We conclude that they do not. We reverse

---

[1]Hereafter, all statutory references are to the Civil Code unless otherwise indicated.

the trial court's decision which bars plaintiff from attempting to state a claim for liability not affected by the amendments.

## FACTS

The facts alleged in the complaint, which we accept for purposes of the appeal, are as follows: Plaintiff, who maintains a home for developmentally disabled persons, was injured by Edward M., a developmentally disabled resident of the home, after he consumed alcoholic beverages and attacked her. Plaintiff alleges defendants, who are neighbors of plaintiff, served alcoholic beverages to Edward and did so with full knowledge of his disability. As a result of his consumption of alcohol, Edward fell into a seizure, lost consciousness, was rendered unable to control his actions, and subsequently became violent. Plaintiff attempted to render aid to Edward, but was injured when he grabbed her by the neck, threw her to the floor and struck her with his fists, causing injuries to her body and nervous system.

Defendants interposed a general demurrer to the complaint relying upon amendments to the Business and Professions Code and the Civil Code which declare that the consumption of alcoholic beverages, not the furnishing thereof, is the proximate cause of injuries resulting from intoxication. The trial court sustained the demurrer without leave to amend. For the reasons which follow, we find that while plaintiff's complaint in its present form fails to plead facts sufficient to constitute a cause of action, it may be possible for the complaint to be amended to state facts upon which relief may be granted. We, accordingly, reverse the judgment.

## DISCUSSION

██ Prior to 1971, California adhered to the common law rule which denied recovery from a vendor of alcoholic beverages for injuries to a third person sustained following the vendor's furnishing of alcoholic beverages to an intoxicated person. (See *Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 563, pp. 2829-2831.) In *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], the California Supreme Court rejected the rule and held that civil liability results when a vendor furnishes alcoholic beverages to a person in violation of Business and Professions Code section 25602 which prohibits the service of alcoholic beverages to those who are habitual drunkards or obviously

intoxicated. (*Vesely*, at pp. 164-167.) Subsequently, in *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719] (cert. den. 429 U.S. 859 [50 L.Ed.2d 136, 97 S.Ct. 159]), the court held that, while *Vesely* relied upon section 25602 of the Business and Professions Code section to support its holding, nevertheless, "the clear import of our decision was that there was no bar to civil liability under modern negligence law." (*Bernhard*, at p. 325.) Finally, in *Coulter* v. *Superior Court, supra*, 21 Cal.3d 144, the *Vesely* holding was extended to noncommercial providers, such as "social hosts," on the basis of both section 25602 and common law negligence principles. The court said: "We think it evident that the service of alcoholic beverages to an obviously intoxicated person by one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway.... Simply put, one who serves alcoholic beverages under such circumstances fails to exercise reasonable care." (*Coulter*, at pp. 152-153.)

In 1978, legislation was enacted to abrogate these holdings. (See *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8].) Subdivisions (b) and (c) were added to section 1714 of the Civil Code[2] to qualify the general principle (expressed in subd. (a)) that everyone is responsible for his own negligent or willful acts. They recite: "(b) It is the intent of the legislature to abrogate the holdings in cases such as Vesely v. Sager ..., Bernhard v. Harrah's Club ..., and Coulter v. Superior Court ... and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated

---

[2]Civil Code section 1714 (as amended by Stats. 1978, ch. 929, § 2, p. 2904) provides:
"(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief.
"(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court ([21] Cal.3d [144]) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.
"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person. [¶] (c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages." Similarly, Business and Professions Code section 25602 was limited by the addition of subdivisions (b) and (c), as qualified by Business and Professions Code section 25602.1.[3]

Defendants, pointing to the language of section 1714, subdivision (c), and Business and Professions Code section 25602, subdivision (b),[4] that "[n]o social host who furnishes alcoholic beverages to *any person* shall be held legally accountable for damages suffered by . . . any third person . . . ." assert that "any person" encompasses all persons of whatever mental or physical condition. (Italics added.) We disagree.

The meaning of subdivision (c) is determined by the interpretative directions given by subdivision (b). It states the legislative intent to "reinstate the prior judicial interpretation . . . as it relates to the proxi-

---

[3]Section 25602 (as amended by Stats. 1978, ch. 929, § 1, p. 2903) provides: "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor. [¶] (b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage. [¶] (c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court ([21]) Cal.3d [144]) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

Section 25602.1 (as added by Stats. 1978, ch. 930, § 1, p. 2905) provides: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person."

[4]*Coulter* also held that Business and Professions Code section 25602 applied to social hosts. Since the addition of Business and Professions Code section 25602, subdivisions (b) and (c), make changes comparable to those in Civil Code section 1714, the analysis here discussed is similarly applicable.

mate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person . . . ." We are thus directed to read subdivision (c) with reference to a specific common law rule. (See 2A Sutherland, Statutory Construction (4th ed. 1973) § 50.01, pp. 268-269.) Subdivision (b) identifies the rule as "the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person." This returns the law to the rule of *Cole* v. *Rush, supra,* 45 Cal.2d 345. "Before 1971, California case law had uniformly held that one who furnished alcoholic beverages to another person was not liable for damages resulting from the latter's intoxication. (E.g., *Cole* v. *Rush* (1955) 45 Cal.2d 345 . . . .) Our courts reasoned that 'it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use . . . ." (*Coulter* v. *Superior Court, supra,* 21 Cal.3d at p. 149.) *Cole*[5] said "'that it is the consumption of the intoxicating liquor which is the proximate cause of any subsequent injury by reason of such intoxication rather than the sale of intoxicating liquor' . . . ." (*Cole* v. *Rush, supra,* 45 Cal.2d at p. 349; see also *Lammers* v. *Pacific Electric Ry. Co.* (1921) 186 Cal. 379, 383-384 [199 P. 523]).)[6]

---

[5]In *Cole* v. *Rush* (1955) 45 Cal.3d 345 [289 P.2d 450, 54 A.L.R.2d 1137], it was held that the wife and children of a customer who died as the result of injuries sustained in a barroom brawl could not maintain a wrongful death action against the owners of a tavern for furnishing intoxicating liquor to the decedent. The complaint alleged that the decedent had patronized the defendants' tavern on numerous occasions, that he was well known to the defendants and that the defendants knew that the decedent "'was normally of quiet demeanor but that when . . . intoxicated he became belligerent, pugnacious, and quarrelsome.'" (*Id.,* at p. 347.) The complaint further alleged that the plaintiff widow on numerous occasions had requested that the defendants not sell the decedent sufficient liquor to allow him to become intoxicated, that the defendants furnished the decedent with liquor until and after he became intoxicated and that, as a result of being intoxicated, the decedent became belligerent, engaged in a brawl, and died from injuries sustained in a fall during the fight.

[6]Both *Cole* v. *Rush, supra,* 45 Cal.2d 345, and *Lammers* v. *Pacific Electric Ry. Co.* (1921) 186 Cal. 379 [199 P. 523] were overruled in *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167 [95 Cal.Rptr. 623, 486 P.2d 151]. With the adoption, however, of Civil Code section 1714, subdivisions (b) and (c), the Legislature made clear its intent to abrogate the holding in *Vesely* and to "reinstate the prior judicial interpretation . . . as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person. . . ." (Civ. Code, § 1714, subd. (b).) Whether *Cole* or *Lammers* have emerged phoenix-like from the ashes of *Vesely* (see 1A Sutherland, Statutory Construction (4th ed. 1973) § 23.31, pp. 276-277), they are examples of the "prior judicial interpretation" of Civil Code section 1714 and the theory of law to which the Legislature intends a return in subdivision (c).

But in returning to the rule of *Cole*, we also return to the limitations of the rule. As *Cole* said of the common law rule, there is "'no remedy for injury or death following the mere sale of liquor to the *ordinary man*, either on the theory that it is a direct wrong or on the ground that it is negligence, which imposes a legal liability on the seller for damages resulting from the intoxication.'" (Italics added.) (*Cole* v. *Rush, supra*, 45 Cal.2d at p. 348, quoting 30 Am.Jur. 573, § 607[7]; see also 70 A.L.R.2d 633; 45 Am.Jur.2d, Intoxicating Liquors, §§ 553, 554, 555; Keenan, *Liquor Law Liability in California* (1973) 14 Santa Clara Law. 46) *Cole* further said "(1) that as to a *competent* person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use; (2) that the *competent* person voluntarily consuming intoxicating liquor contributed directly to any injury caused thereby ...." (*Cole*, at p. 356; cf. 57 Cal.L.Rev. 995, 1004.) (Italics added.)

Thus, the common law rule did not affect liability for the furnishing of alcoholic beverages to a person unable to voluntarily resist its consumption; e.g., one "who was in such a condition as to be deprived of his will power or responsibility for his behavior ...." (Fn. omitted.) (30 Am.Jur., § 520, p. 821.) And *Cole* distinguished its facts from those in *Pratt* v. *Daly* (1940) 55 Ariz. 535 [104 P.2d 147, 130 A.L.R. 341], in which plaintiff wife was permitted to recover damages for loss of consortium resulting from defendants' sale of liquor to her husband with knowledge that he "was 'incapable of voluntary action.'" (*Cole* v. *Rush, supra*, 45 Cal.2d p. 354; see also *Vesely* v. *Seger, supra*, 5 Cal.3d at p. 159, fn. 3; *Hull* v. *Rund* (1962) 150 Colo. 425 [374 P.2d 351]; *Ibach* v. *Jackson* (1943) 148 Ore. 92 [35 P.2d 672].)

Section 1714, subdivision (a), is limited by the common law's theory of tortious cause. "The analysis [of the common law rule] was in terms of causation rather than duty ...." (4 Witkin, Summary of Cal. Law, *supra*, Torts, § 563, p. 2830.) By this theory the proximate cause of injuries to or by an ordinary intoxicated person is his voluntary decision to consume the alcohol. But the theory does not preclude liability rooted in a *concurrent proximate cause* emanating from the exceptional physical or mental condition of the consumer. Thus, where an injury is the joint product of an exceptional mental or physical condition and alcohol, such condition is a "concurrent proximate cause" of the injury upon

---

[7]The matter quoted does not appear at this citation. (Cf. 30 Am.Jur., §§ 520, 521, p. 821.)

which liability may be predicated. (See generally *Slapin* v. *Los Angeles International Airport* (1976) 65 Cal.App.3d 484, 490 [135 Cal.Rptr. 296].) Moreover, where an injury is the proximate result of concurrent conditions, one of which is statutorily immunized from liability, the one that is not immunized may form the basis of liability. (See *Cameron* v. *State of California* (1972) 7 Cal.3d 318, 327-328 [102 Cal.Rptr. 305, 497 P.2d 777].)

Section 1714 also makes no distinction between commercial and non-commercial "furnishers" of alcohol[8] from which we conclude that it was not meant to revive pre-*Coulter distinctions* between commercial and non-commercial furnishers of alcohol. Rather, *to the extent that* a claim arises which is *not* affected by section 1714, the common law development of negligence principles is left unimpaired. On this point, "[r]ather than traditional notions of duty, [the California Supreme Court] has focused on foreseeability as the key component necessary to establish liability: 'While the question whether one owes a duty to another must be decided on a case-by-case basis, every case is governed by the rule of general application that all persons are required to use ordinary care to prevent others from being injured as the result of their conduct.... [F]oreseeability of the risk is a primary consideration in establishing the element of duty.' (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36], fn. omitted.)" (*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 806 [157 Cal.Rptr. 407, 598 P.2d 60].)

Here, the complaint alleges that Edward is developmentally disabled and that defendants served him intoxicating beverages with full knowledge of his disability. These allegations, standing alone, are insufficient to state a cause of action based upon a negligence theory. The allegations do not state that the injuries suffered by plaintiff are a foreseeable and concurrent product of Edward's mental condition. However, if plaintiff is able to plead and prove that defendants not only knew of Edward's disability but also knew or should have known the effect that liquor would have on him *by reason of* his disability (i.e., that it would cause him to lose control and become violent), she then has a cause of action not limited by Civil Code section 1714. Because it is possible for the complaint to be amended to state a cause of action, the trial court

---

[8]Compare the somewhat different treatment of licensed and unlicensed vendors of alcohol in Business and Professions Code sections 25602 and 25602.1. (See *ante,* fn. 3; and see *Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 440 [174 Cal.Rptr. 500, 629 P.2d 8].)

erred in sustaining the demurrer without leave to amend. (See *Kauff-man* v. *Bobo & Wood* (1950) 99 Cal.App.2d 322, 323 [221 P.2d 750].)

We add that nothing in *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, which upheld the constitutionality of the sections at issue, affects their meaning as here discussed.

Our decision is a narrow one. Nothing in our opinion should be construed as saying that developmentally disabled or retarded persons are as a class excluded from the provisions of section 1714. We in no way imply that retarded or developmentally disabled persons are necessarily incapable of handling alcohol consumption. We hold, simply, that where a social host knows his guest is one who *because of* some exceptional physical or mental condition should not be served alcoholic beverages and is or should be aware of the risks included in providing such person with alcohol, the host is not protected by the provisions of section 1714, subdivisions (b) and (c).

The judgment is reversed. The trial court is directed to vacate its order sustaining the demurrer without leave to amend and to enter a new order sustaining the demurrer with leave to amend.

Reynoso, Acting P. J., and Carr, J., concurred.

A petition for a rehearing was denied December 21, 1981, and respondents' petition for a hearing by the Supreme Court was denied January 20, 1982. Mosk, J., was of the opinion that the petition should be granted.