[S.F. No. 24762. Dec. 27, 1984.]

DEBORAH STRANG, Plaintiff and Appellant, v.
GEORGE J. CABROL et al., Defendants and Respondents.

**COUNSEL**

Patrick R. Beasley for Plaintiff and Appellant.

Terrence J. Ford, Paula Tripp and Rodney A. Klein as Amici Curiae on behalf of Plaintiff and Appellant.

Moss & Enochian, Steven R. Enochian and Todd E. Slaughter for Defendants and Respondents.

Charles G. Miller, Susan M. Akram, Bartko, Welsh & Tarrant, James V. Jordan, Jonathan Solish and Solish, Jordan & Wiener as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**THE COURT.**—We granted a hearing in this case to resolve a conflict among the Courts of Appeal regarding the question whether civil liability for personal injuries may be predicated on the sale or furnishing of alcoholic beverages to a minor who is not obviously intoxicated. We conclude that no liability exists in such a case, that the trial court properly sustained defendants' general demurrer, and that we should adopt the well-reasoned

opinion of Presiding Justice Puglia for the Court of Appeal, Third Appellate District, in this case, with appropriate additions and deletions.* The Court of Appeal opinion, as so modified, is as follows:

In a personal injury suit, plaintiff Deborah Strang appeals from a judgment dismissing her third cause of action after the trial court sustained defendants' demurrer thereto without leave to amend. [] ■ We shall hold that defendants are immune from liability to plaintiff by force of the 1978 amendments to Civil Code section 1714 and Business and Professions Code section 25602 (hereafter the 1978 amendments). Accordingly, we shall affirm the judgment of dismissal.

For purposes of this appeal, we treat as true all material facts properly pled in the complaint. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728]; *White* v. *Davis* (1975) 13 Cal.3d 757, 765 [120 Cal.Rptr. 94, 533 P.2d 222].) George Cabrol and four other individuals are named as defendants in the third cause of action. Together they constitute a partnership doing business as Liquor For Less, also named as a defendant in the third cause of action. It is alleged inferentially that Liquor For Less is licensed to sell alcoholic beverages (Bus. & Prof. Code, § 23300; all further references to sections of an unspecified code are to the Business and Professions Code). Plaintiff alleges these defendants sold alcoholic beverages to Shawn Patterson, who was under the age of 21, in violation of section 25658. Patterson in turn provided the alcohol to Donald Baas, also under the age of 21. Baas consumed the alcohol and became intoxicated. Thereafter, plaintiff sustained personal injuries while riding in a vehicle driven by Baas. Plaintiff's injuries were proximately caused by Baas' driving while intoxicated. At the time of the sale, defendants knew or should have known that Patterson would distribute the alcoholic beverages to other underage persons. They also knew or should have known that these underage persons would become intoxicated and operate vehicles on the roadways, in a manner hazardous to the motoring public.

Subdivision (a) of Civil Code section 1714 declares that everyone is responsible for his own negligent or willful acts. That general principle is qualified, however, in subdivisions (b) and (c) added as part of the 1978 amendments: "(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager [1971] (5 Cal.3d 153), Bernhard v. Harrah's Club [1976] (16 Cal.3d 313), and Coulter v. Superior Court [(1978)

---

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

21 Cal.3d 144] and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages." (Stats. 1978, ch. 929, § 2, p. 2904.)

Subdivision (a) of section 25602 provides: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor." (Stats. 1978, ch. 929, § 1, pp. 2903-2904.) As part of the 1978 amendments, a provision similar to subdivision (b) of Civil Code section 1714 was added as subdivision (c) to section 25602: "(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court [21 Cal.3d 144] be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." Also added to section 25602 as part of the same enactment was subdivision (b), which provides that no person who commits a misdemeanor pursuant to subdivision (a) ". . . shall be civilly liable to any injured person . . . for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage." (*Id.,* at p. 2904.)

The single statutory exception to the broad immunity created by the 1978 amendments is found in section 25602.1, also added in 1978: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any [licensed purveyor of alcoholic beverages] who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage *to any obviously intoxicated minor* where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." (Italics added, Stats. 1978, ch. 930, § 1, p. 2905.)

Section 25658 provides in subdivision (a) that: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alco-

holic beverage to any person under the age of 21 years is guilty of a misdemeanor." Because section 25658 contains no express language of civil immunity comparable to that contained in section 25602, plaintiff maintains that defendants remain exposed to common law tort liability for selling alcoholic beverage to a person who, though not obviously intoxicated, is under age 21, as are licensed vendors who sell liquor to an obviously intoxicated minor pursuant to section 25602.1.

The 1978 amendments expressly abrogate the holdings of *Vesely, Bernhard,* and *Coulter.* Departing from the then existing common law rule, *Vesely* held that a commercial vendor of alcoholic beverages was subject to liability for injuries to third persons resulting from the vendor's sale of alcohol to an obviously intoxicated person in violation of section 25602. (*Supra,* 5 Cal.3d 153.) The *Vesely* court reasoned that the injured third party was among the class of persons for whose protection the statute was adopted and concluded a presumption of negligence would arise if the plaintiff could establish that the statutory violation proximately caused his injuries. (P. 165; see also Evid. Code, § 669.) While *Vesely* relied upon a statutory violation to make out a breach of duty of care, the *Bernhard* court clarified that "there was no bar to civil liability under modern negligence law" against a defendant commercially providing alcohol in Nevada to an obviously intoxicated person. (*Bernhard* v. *Harrah's Club, supra,* 16 Cal.3d at p. 325; see also *Cantor* v. *Anderson* (1981) 126 Cal.App.3d at p. 127 [178 Cal.Rptr. 540].) Finally, in *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144, the *Vesely* holding was extended "to noncommercial providers, such as 'social hosts,' relying upon both section 25602 and traditional common law negligence principles." (*Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 434-435 [174 Cal.Rptr. 500, 629 P.2d 8]; see also *Cantor* v. *Anderson, supra,* at p. 127.) Said the *Coulter* court: "We think it evident that the service of alcoholic beverages to an obviously intoxicated person by one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway . . . . Simply put, one who serves alcoholic beverages under such circumstances fails to exercise reasonable care." (Italics in original; *Coulter,* at pp. 152-153; see also *Cory* v. *Shierloh, supra,* at p. 435.)

Guided by settled principles of statutory construction we conclude that the sweeping civil immunity now provided by Civil Code section 1714 and section 25602 was intended to encompass the situation where alcoholic beverages are sold to a person "under the age of 21 years" (§ 25658), except where the sale is by a licensee to a "minor" who, at the time of sale, is "obviously intoxicated" within the meaning of section 25602.1. "Although the 1978 amendments are hardly models of draftmanship" (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 437), we believe their intended import, taken as

a whole, is to supersede evolving common law negligence principles which would otherwise permit a finding of liability under the circumstances here pled. (See Civ. Code, § 22.2; see also generally 58 Cal.Jur.3d, Statutes, §§ 4, 5; 2A Sutherland, Statutory Construction (4th ed. 1973) § 50.01, pp. 268-269.)

The maxim *expressio unius est exclusio alterius* applies here. Under this familiar rule of construction, an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions are to be implied. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537]; see also 2A Sutherland, Statutory Construction, *supra,* § 47.23, p. 123; 58 Cal.Jur.3d, *supra,* § 115.) The "single exception" to the "sweeping immunity" afforded by the 1978 amendments (*Cory* v. *Shierloh, supra,* at p. 436) is in cases of sale by a licensee to an obviously intoxicated minor (§ 25602.1). If the Legislature had intended also to exclude sales to sober, underage persons from the reach of the superseding statute, it could have said so directly by amending section 25658 to that effect.

The *Vesely, Bernhard* and *Coulter* decisions all involve the furnishing of alcoholic beverages to an obviously intoxicated person. We are satisfied that explicit reference to these cases in the 1978 amendments was not intended to restrict the scope of the immunity only to cases involving that narrow factual pattern. The reference in the 1978 amendments to the holdings "in cases such as" *Vesely, Bernhard,* and *Coulter* is simply descriptive generally of evolving common law on the subject of the liability of the provider of alcoholic beverages (see *Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 437). Were the reference interpreted as limiting, then the 1978 amendments (except as provided by § 25602.1) would bar suit only against a person supplying alcoholic beverages to an obviously intoxicated consumer, yet permit tort recovery against one who supplies to a sober individual who later becomes intoxicated. Obviously, the supplier in the former situation is better able to foresee the risk of harm to others and thus engages in the more culpable conduct. (*Ibid.*) We do not believe the Legislature intended such a whimsical anomaly.

Subdivision (b) of Civil Code section 1714 and subdivision (c) of section 25602 reinstate the judicial interpretation on the subject of alcoholic beverage provider liability which existed prior to the *Vesely-Bernhard-Coulter* decisions. The prior common law was typified by *Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], which held the consumption, not the furnishing, of alcoholic beverages to be the proximate cause of injuries resulting from intoxication. (*Id.,* at p. 356; see *Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 129; *Vesely, supra,* 5 Cal.3d at p. 161;

*Coulter, supra,* 21 Cal.3d at p. 149.) [] As [the Court of Appeal] observed in *Cantor* v. *Anderson,* a return to the rule of *Cole* is also a "return to the limitations of the rule." (126 Cal.App.3d at p. 130.) Our review of *Cole* and the Court of Appeal decisions which follow it, however, discloses no limitation of the pre-*Vesely* rule which is applicable under the present circumstances.

*Cole* was a wrongful death action in which plaintiffs sought to recover damages against defendants for furnishing intoxicating beverages to the deceased, who was killed thereafter in a fist fight. (*Supra,* 45 Cal.2d at p. 347.) Plaintiffs alleged that defendants knew the deceased became belligerent, pugnacious, and quarrelsome when intoxicated (*ibid.*), but did not allege the deceased was incompetent or incapable of voluntary action (at p. 354). Concluding that no cause of action had been pled, the *Cole* court stated that the general common law rule as to tort liability arising out of the sale of intoxicating beverages " 'gives no remedy for injury or death following the mere sale of liquor to the ordinary man, either on the theory that it is a direct wrong or on the ground that it is negligence, which imposes a legal liability on the seller for damages resulting from the intoxication.' " (*Id.,* at p. 348, quoting from 30 Am.Jur. 573, § 607; see also *Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 130.) *Cole* explained further "that as to a competent person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use; . . ." (*Cole* v. *Rush, supra,* at p. 356; *Cantor* v. *Anderson, supra,* at p. 130.)

The *Cole* definition of an "ordinary man" who voluntarily consumes liquor embraces a minor engaging in the same conduct, absent some additional showing that the minor is incompetent, incapable of voluntary action, or otherwise suffers from some peculiar mental disability (see, e.g., *Cantor* v. *Anderson, supra,* 126 Cal.App.3d 124). Although the facts in *Cole* concerned an adult who became intoxicated, the court relied on an Arizona decision holding that no cause of action was stated against a "tavernkeeper who unlawfully sold intoxicating liquor to a child of the age of 15, upon which she became intoxicated, because 'It cannot be said as a matter of law that a child of fifteen has neither will nor choice nor discretion whatever'. . . ." (*Cole, supra,* 45 Cal.2d at p. 353, quoting *Collier* v. *Stamatis* (1945) 63 Ariz. 285 [162 P.2d 125, 126-127].) Indeed, Civil Code section 41 creates the presumption that a minor, like an adult, is ordinarily responsible for his torts. (See also 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 17, pp. 2316-2317.)

The *Cole* court also cited with approval *Fleckner* v. *Dionne* (1949) 94 Cal.App.2d 246 [210 P.2d 530]. (See *Cole, supra,* at pp. 350-351.) The

plaintiffs in *Fleckner* alleged that a defendant tavern owner had knowingly sold intoxicating liquor to a minor who was already under the severe influence of intoxicants, and the defendant also knew the minor had an automobile parked near the tavern and would drive it when he left. (*Supra,* 94 Cal.App.2d at p. 247.) The minor thereafter drove the automobile, causing a collision which injured the plaintiffs. (*Ibid.*) Rejecting a presumptive negligence argument based on a violation of the statutory predecessor to sections 25602 and 25658, *Fleckner* applied the general common law rule denying a proximate relationship between the sale and the injury and affirmed the judgment dismissing plaintiffs' suit against the tavern owner.

As a "prior judicial interpretation" (Civ. Code, § 1714, subd. (b)) on the subject of proximate cause, the *Fleckner* decision is dispositive of the case at bar. (See *Burke* v. *Superior Court* (1982) 129 Cal.App.3d 570, 582 [181 Cal.Rptr. 149] (dis. opn. of Cologne, J.).) While there are striking similarities between the two cases in that they both involve sales of alcoholic beverage to underage persons with resulting third-party injuries, the facts alleged in *Fleckner* under modern negligence principles present a greater threshold showing of proximate causation. Unlike the present case, in *Fleckner* the minor was already intoxicated at the time of sale and was the driver who caused the plaintiff's injuries. The seller also was aware that the minor would drive soon after leaving the tavern. As [] [was] stated prior to *Vesely* in *Fuller* v. *Standard Stations, Inc.* (1967) 250 Cal.App.2d 687 [58 Cal.Rptr. 792]: "The question is not open. *Stare decisis* requires us to adhere to the rule of *Fleckner* v. *Dionne, supra,* as crystallized in California law by the Supreme Court's opinion in *Cole* v. *Rush.*" (250 Cal.App.2d at pp. 692-693.)

We read *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, as supporting if not compelling the conclusion that the defendants here are not civilly liable by reason of violating section 25658. Upholding the constitutionality of the 1978 legislative amendments here in question, [] *Cory* considered the complaint of a minor plaintiff who was injured after he became intoxicated at a party and lost control of his vehicle while driving home. (P. 433.) The complaint alleged defendant Shierloh hosted and supervised a party and either furnished or permitted the unlicensed and unlawful sale of alcoholic beverages to plaintiff, a minor, and proximately caused his intoxication and subsequent injuries. (Pp. 433-434, 436-437.) Stated as a separate cause of action, plaintiff also alleged that Shierloh "negligently sold or furnished alcoholic beverages to plaintiff, knowing that plaintiff was obviously intoxicated and would be driving a car thereafter." (P. 434.) All parties agreed that section 25602.1 was inapplicable because Shierloh was not licensed to sell or furnish alcoholic beverages (p. 436). [] [*Cory*] concluded that the "sweeping immunity" contained in the amendments to Civil Code section

1714 and section 25602, "reasonably construed," barred "a suit by the intoxicated consumer as well as third persons injured by him." (Pp. 436, 437.) Accordingly, each cause of action alleged against Shierloh failed by operation of the 1978 amendments. (P. 437.)

The allegations of the *Cory* complaint included more than the furnishing of alcoholic beverage by a nonlicensee to an obviously intoxicated minor. Stated separately was the unlicensed furnishing or sale of alcoholic beverage to a person under 21 years of age. (See *Burke* v. *Superior Court, supra,* 129 Cal.App.3d at pp. 586-587.) The *Cory* court assumed for purposes of its analysis that Shierloh was not a "social host" within the meaning of Civil Code section 1714, subdivision (c). (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 437.) Therefore, like defendant here, Shierloh was not protected by social host immunity and his conduct as alleged constituted a clear violation of section 25658. The most that can be said to distinguish *Cory* from the instant case is that a presumptive negligence theory based on a section 25658 violation was not then before [us].

The majority opinion in *Burke* v. *Superior Court, supra,* 129 Cal.App.3d 570, stands alone as contrary authority. Finding no blanket immunity in statutory or common law, *Burke* held that a licensee who sells alcoholic beverage to a sober person under 21 years of age, in violation of section 25658, may be liable to injured third parties when the buyer becomes intoxicated and injures them by his drunk driving. (Pp. 571, 576.) [] [End of Court of Appeal opinion.]

In *Burke,* the Court of Appeal found foreseeability to be the test of liability. (*Id.,* at p. 577.) This foreseeability standard was rejected, however, by the 1978 amendments, discussed above. The holdings in *Vesely, supra,* 5 Cal.3d at page 165, *Bernhard, supra,* 16 Cal.3d at page 325, and *Coulter, supra,* 21 Cal.3d at pages 152-153, which likewise employed a foreseeability standard on which to base liability, were expressly abrogated. The *Burke* decision also stated that furnishing alcohol to sober minors was outside the scope of the immunity provided by the 1978 amendments. (129 Cal.App.3d at p. 579.) As previously discussed, the Legislature abolished tort liability against the furnisher of alcoholic beverages except in only one situation, namely, providing alcohol to an obviously intoxicated minor. No other exceptions to this immunity exist. Therefore, no civil liability may be imposed on one who furnishes alcoholic beverages to a minor who is not obviously intoxicated. *Burke* is disapproved to the extent it is inconsistent with this opinion.

The judgment is affirmed.

**KAUS, J.**—I respectfully dissent.

There is nothing inherently wrong with legislation which immunizes purveyors of alcohol from the consequences of their acts. (*Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 437-441 [174 Cal.Rptr. 500, 629 P.2d 8].) Defendants' problem in this case is that there is no law on the books which condones their conduct under the circumstances alleged in the complaint. I find it puzzling that notwithstanding this void the court feels compelled to grant absolution by an unnecessarily generous interpretation of the Legislature's effort to turn the clock back to a time when it was not running properly.

When we, in *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167 [95 Cal.Rptr. 623, 486 P.2d 151], overruled such cases as *Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450] and *Lammers* v. *Pacific Railway Company* (1921) 186 Cal. 379 [199 P. 523], we simply brought this area of the law into conformity with modern notions of proximate cause. (*Id.*, at pp. 163-164.) Of course it was only to be expected that those who were adversely affected by *Vesely* and its spawn would attempt to undo legislatively what we had done judicially. Nothing wrong with that. The issue is, however, just how far they succeeded.

The efforts to bury *Vesely* culminated in the 1978 legislation which was embodied in chapters 929 and 930 of that year's statutes. The five relevant provisions of these two chapters fall into three groups: (1) Two create true immunities from liability: these are subdivision (c) of section 1714 of the Civil Code and subdivision (b) of section 25602 of the Business and Professions Code. The former immunizes social hosts who ply their guests with alcohol, the latter benefits those who furnish drink to habitual drunkards or obviously intoxicated persons. Neither applies to the facts of this case. (2) Closely linked to each of these immunities are the two provisions of the 1978 legislation which the majority interprets as reinstating pre-*Vesely* law across the board by declaring that it is not the furnishing but the consumption of alcohol which proximately causes accidents. (Bus. & Prof. Code, § 25602, subd. (c) and Civ. Code, § 1714, subd. (b).) I shall call these the two "anti-*Vesely*" declarations. (3) Finally, there is the fifth relevant provision which—believe it or not—declares that when the furnishing of alcohol *is* the proximate cause of personal injuries or death, a licensee who has furnished alcohol to an obviously intoxicated minor may be liable after all. (Bus. & Prof. Code, § 25602.1.)

One obvious conclusion from this parsing of the 1978 legislation is that the two anti-*Vesely* declarations did not purport to state a new insight into the nature of proximate cause. Were that the case, section 25602.1 would make no sense—how can a rule, newly written in the stars, that it is the consumption and not the furnishing which proximately causes the harm, peacefully coexist with a concurrently enacted statute which is predicated

on the furnishing being the proximate cause after all? I submit that the purpose of the two anti-*Vesely* declarations is more modest and, therefore, also more sensible: they merely explain the reason for the two specific immunities to which they are linked. This is particularly obvious in the case of subdivision (c) of section 25602 of the Business and Professions Code, which begins: "The Legislature hereby declares that *this section* shall be interpreted so that the holdings in such cases as Vesely v. Sager . . . ." (My italics.)

What all this means is simply this: the revival of the pre-*Vesely* rule concerning proximate cause was limited to the situations covered by the two specific immunities: the social host and the person who serves common drunkards and obviously intoxicated persons. (Bus. & Prof. Code, § 25602, subd. (a).) For all other situations the rule of *Vesely*—which, after all, only brought this area of negligence law into harmony with the rest—was left untouched by the 1978 legislation.[1]

Since it is not disputed that but for that legislation plaintiff has stated a cause of action, I would reverse.

Bird, C. J., and Reynoso, J., concurred.

Appellant's petition for a rehearing ws denied February 14, 1985. Bird, C. J., and Reynoso, J., were of the opinion that the petition should be granted.

---

[1]The majority opinion properly does not suggest that *Cory* v. *Shierloh, supra,* 29 Cal.3d 430 should be read to resolve the question at issue here. *Cory* is, in large part, a defense of the constitutionality of the 1978 legislation and, to that extent, not relevant to the points raised in this case. It does, however, also discuss the applicability of the legislation to the pleaded facts and reaches the conclusion that defendant was immunized by subdivision (b), section 25602, Business and Professions Code. Unfortunately, in quoting from that subdivision, the court omitted language indicating that its immunity only applies to violations of subdivision (a)—the furnishing of alcohol to common drunkards or obviously intoxicated persons. In the context of the facts pleaded in *Cory*—that plaintiff was obviously intoxicated—that omission was immaterial. No such facts, however, are pleaded in this case and there can be no contention that subdivision (b) is applicable. As noted in the text, if defendants are to prevail, they cannot do so on the basis of either of the specific immunities, but only because of an expansive reading of the anti-*Vesely* declarations.