[No. D002213. Fourth Dist., Div. One. Dec. 18, 1985.]

BRENDA E. CHALUP, Plaintiff and Appellant, v.
ASPEN MINE COMPANY et al., Defendants and Respondents.

COUNSEL

Louisa S. Porter and Mark V. Caruana for Plaintiff and Appellant.

Donald H. Glaser, Richard E. Shower, Higgs, Fletcher & Mack and Thomas R. Mitchell for Defendants and Respondents.

OPINION

KINTNER, J.*—

### FACTS

On April 18, 1980, 18-year-old Brenda Chalup (Chalup) went with her date to the Aspen Mine Company, a San Diego restaurant and bar. Chalup sat at the bar and ordered and drank between five and seven vodka gimlets. Chalup was intoxicated when she left the Aspen Mine Company. Upon

*Assigned by the Chairperson of the Judicial Council.

leaving, she ran across the street against the traffic signal and into the path of a car, sustaining injuries.

Chalup sued the Aspen Mine Company and its agents for negligence in serving her alcoholic beverages. Chalup alleged as a proximate result of this negligence, she became intoxicated and incapable of exercising reasonable care for her own safety, thereby causing her injuries. The court granted summary judgment in favor of Aspen Mine Company and its agents. Chalup appeals. We reverse.

## DISCUSSION

■ The sole issue on appeal is whether a cause of action exists under Business and Professions Code section 25602.1[1] for a minor patron against a licensed purveyor of alcohol for injuries suffered by the minor as a proximate result of the sale of the alcoholic beverage to her while she was obviously intoxicated.

We conclude the injured minor who buys liquor at the licensed cocktail lounge while she is obviously intoxicated may state a cause of action under section 25602.1. Therefore, summary judgment for defendant Aspen Mine Company based on section 25602 and Civil Code section 1714 was improper.[2]

Under negligence law, purveyors of liquor had been immune from liability, until a string of cases in the 1970's held these purveyors could be liable under a negligence theory when they provided liquor to people who then caused injury to themselves or third parties. The providing of liquor could be the proximate cause of the injuries, and the injuries could be the foreseeable result of the providing of the liquor. (*Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]; *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]; *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669].)

In 1978 the Legislature granted immunity to the purveyor of liquor in section 25602 and Civil Code section 1714, subdivisions (b) and (c), spe-

---

[1]All statutory references are to the Business and Professions Code unless otherwise specified.

[2]Implicit in our holding is the premise that a minor under section 25602.1 is not limited to persons under the age of 18 as defined by Civil Code section 25. For our purposes "minor" refers to persons under the age of 21. (See *Rogers* v. *Alvas* (1984) 160 Cal.App.3d 997, 1004 [207 Cal.Rptr. 60].)

cifically abrogating the holdings in cases such as *Vesely, Bernhard* and *Coulter,* except as we shall see later under section 25602.1.

Section 25602 states:

"(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.

"(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

Civil Code section 1714, subdivision (a) is the general negligence law. Civil Code section 1714, subdivision (b) and (c) state:

"(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court (— Cal.3d —) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

At the same time, the Legislature passed section 25602.1, which states: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of *any person* who has suffered injury or death

against any person licensed pursuant to section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." (Italics added.)

The Legislature could have specified in section 25602.1 whether "any person" includes the minor. It did not. Contrast this to the language of Civil Code section 1714, subdivision (c) and to Civil Code section 1714.1, subdivision (a) which says in applicable part, "Any act of willful misconduct of a minor which results in injury or death to *another* person or in any injury to the property of *another* shall be imputed to the parent or guardian . . . ." (Italics added.) The Legislature made it clear the minor was excluded in section 1714.1.

We must construe the clear words of section 25602.1 according to their ordinary and usual meaning. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 231 [110 Cal.Rptr. 144, 514 P.2d 1224].) The usual meaning would include minors in the absence of a statement excluding them. It appears the Legislature intended section 25602.1 to include the minor as well as third parties, and, in fact, "any person" means any person.

The legislative history of the amendments supports this conclusion. The words "any injured person or the estate of such person" were substituted for the words "a third party," in section 25602, subdivision (c). (Sen. Bill No. 1645, (1978 Reg. Sess.) as amended in Senate May 17, 1978.) By expanding the class to "any injured person," the Legislature manifested its awareness that there was a difference between a third person and "any person." Had the Legislature intended to exclude obviously intoxicated minors from the protected class, it would have so stated.

The letter from Senator John Foran to the Governor discussing the statutes in question does not require a contrary conclusion. The letter said in part: "Containing the provisions requested by your office, Senate Bill 1175 would permit third party liability suits against liquor licensees who furnish alcoholic beverages to an obviously intoxicated minor if that minor causes personal injury or death as a result of his intoxication . . . ." The letter did not say minors could not recover as well. (See *Rogers* v. *Alvas, supra,* 160 Cal.App.3d 997, 1003.) Aspen Mine Company contends that regardless of the language of the statute, a further probing of the legislative history mandates a conclusion that the Legislature intended to reinstate the law prior to *Vesely* v. *Sager, supra,* 5 Cal.3d 153, barring suit as to everyone against

the purveyor, because causation was attributed to the person drinking, not the person serving the alcoholic beverage. In light of that law Aspen Mine Company contends that the statutory exception was drafted solely for the benefit of third persons and not the obviously intoxicated minor. Aspen Mine Company directs us to the almost identical language of both Civil Code section 1714, subdivision (b) and section 25602, subdivision (c) where the Legislature declared "this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." (§ 25602, subd. (c).)

This argument, however, overlooks the language of section 25602.1 itself which expressly excludes the applicability of section 25602, subdivision (c).

Moreover, the California Supreme Court in *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8], explains why minors are not controlled by pre-*Vesely* law.

"We are not unmindful of the fact that the 1978 amendments constitute a patchwork of apparent inconsistencies and anomalies. Thus a licensed seller of liquor is liable to anyone injured by an obviously intoxicated minor served by the seller, while a nonlicensed, presumably illegal seller is not so liable. (Bus. & Prof. Code, § 25602.1.) A preferred liability status is thus given to those sellers who refuse to obtain licenses. *The obviously intoxicated minor,* and those injured by him, *retain a cause of action against the seller,* but an adult consumer, and those similarly injured by him do not (*ibid.*). Accordingly, whether or not the selling or supplying of the liquor is a tortious *cause* of a resultant injury turns on the *license* status of the supplier and the *age* of the consumer. Causation in a common law sense, whether actual or physical, proximate or legal, has never pivoted on such a perilous and seemingly irrelevant fulcrum. Nonetheless, our function is to find, if possible, some means to sustain, not reject, those amendments." (*Id.* at p. 440; italics added.)

"  . . . . . . . . . . . . . . . . . . . . . .

"As for limiting the class of protected consumers to minors, the Legislature might reasonably have deemed such persons more in need of safeguarding from intoxication than adults, because of the comparative inexperience of minors in both drinking and driving. Given society's solicitous concern with minors (e.g., Bus. & Prof. Code, § 25658, prohibiting sales

of liquor to minors), the Legislature perhaps might reasonably suspend the sole theory otherwise advanced in justification of the subject legislation, namely, that it is the consumption alone, not the furnishing, of liquor which causes the resultant deaths and injuries. With effort, a reasonable basis for the 1978 amendments may be found." (*Id.* at p. 441; see also *Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 724 [209 Cal.Rptr. 347, 691 P.2d 1013].)

We therefore hold obviously intoxicated minors who are served alcohol by a licensed purveyor of liquor, may bring a cause of action for negligence against the purveyor for subsequent injuries. The development of the common law as to purveyors' liability under the cases including *Vesely* v. *Sager, supra,* 5 Cal.3d 153, prior to the passage of the current section 25602 and Civil Code section 1714 in 1978 applies to suits by obviously intoxicated minors as well as third parties injured by them. Here where the plaintiff is an intoxicated minor, the proximate cause of injuries remains a question of fact to be resolved at trial.

### DISPOSITION

Judgment reversed.

Wiener, Acting P. J., and Work, J., concurred.

The petition of respondent Aspen Mine Company for review by the Supreme Court was denied March 12, 1986.