Filed 5/22/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ADAM RYBICKI et al., | B240211 |
| Plaintiffs and Appellants, | (Los Angeles County |
| v. | Super. Ct. No. YC064733) |
| ASHLEY CARLSON et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court for Los Angeles County, Roy L. Paul, Judge. Affirmed.

Daniel M. Graham for Plaintiffs and Appellants.

Demler, Armstrong & Rowland and Robert W. Armstrong for Defendant and Respondent Chelsea Meyer.

Inglis, Ledbetter, Gower & Warriner, Gregory J. Bramlage and Richard S. Gower for Defendant and Respondent Tara Rohar.

No appearances for Defendants and Respondents Ashley Carlson or Alexandra Milutin.

In April 2011, five young women, all under the age of 21, got into a car after partying all night (and drinking alcohol) at a friend's house. Driving on the wrong side of the road, the car collided with a bicyclist, who was seriously injured. The bicyclist and his wife sued, among others, all of the occupants of the car. The trial court entered judgments in favor of the four passengers. The question presented in this appeal is whether the four women who were not driving, but who are alleged to have supplied some of the alcohol that was consumed at the friend's house, can be held liable for the bicyclist's injuries. We conclude that the Legislature, by enacting Civil Code section 1714 (hereafter section 1714), has precluded any liability claim against the women. Accordingly, we affirm the judgments.

**BACKGROUND**

This appeal comes to us from a judgment entered after a motion for judgment on the pleadings was granted and demurrers were sustained without leave to amend. Our statement of facts, therefore, is based upon the allegations of the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [on review of demurrer, court assumes the truth of the allegations of the complaint]; *Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515-516 [same standard for review of motion for judgment on the pleadings].)

On April 2, 2011, defendants Jaclyn Andrea Garcia, Ashley Carlson, Alexandra Milutin, Tara Rohar, and Chelsea Meyer attended a party at the home of defendant Garrett P. Shoemaker.[1] Either before or during the party, Carlson, Milutin, Rohar, and/or Meyer (collectively, respondents) went to a store to procure alcoholic beverages, and brought those beverages to Shoemaker's home.

---

[1] The complaint refers to a Doe Resident, but was amended to name Shoemaker as the Doe Resident.

2

Shoemaker furnished the alcoholic beverages to Garcia during the party, which lasted until the early morning of April 3.

That morning, respondents left Shoemaker's home in a car being driven by Garcia.[2]  At around 7:15 a.m., plaintiff Adam Rybicki was riding his bicycle northbound on Camino de Encanto in the City of Torrance when he was hit by the car driven by Garcia, which was travelling southbound on the wrong side of the road.  Rybicki was seriously injured.  He and his wife, plaintiff Barbara Rybicki, subsequently filed a lawsuit against Garcia, respondents, Shoemaker, and others.  The complaint alleged, among other claims, causes of action against Garcia based upon her driving the car that injured Rybicki, a cause of action against Shoemaker alleging a violation of section 1714, and causes of action against respondents alleging civil conspiracy to violate section 1714 and aiding and abetting a violation of section 1714.

In the claims against respondents, plaintiffs alleged that respondents, all of whom were under the age of 21, went to a retail establishment for the purpose of purchasing alcoholic beverages to be consumed at Shoemaker's home.  Plaintiffs alleged that respondents solicited adults to purchase the beverages for them, that they brought them back to Shoemaker's home, and that Shoemaker then furnished the alcoholic beverages to Garcia.  The complaint alleged that the furnishing of alcohol to Garcia, "with the assistance of the conspiratorial acts of [respondents]" and/or "with the aid, abetting and assistance of [respondents]" caused substantial injuries and damages to plaintiffs.

Carson, Rohar, and Milutin each filed demurrers to the complaint, and Meyer filed a motion for judgment on the pleadings.  The court sustained without

---

[2]      Although the complaint does not allege that respondents were in the car with Garcia, it appears that was the case.

leave to amend each of the demurrers and granted Meyer's motion for judgment on the pleadings, and entered judgments in favor of each of the respondents. Plaintiffs timely filed a notice of appeal from the judgments in favor of respondents.

**DISCUSSION**

Plaintiffs contend that respondents may be held liable under civil conspiracy and aiding and abetting theories for the injuries plaintiffs suffered, because respondents supplied at least some of the alcohol that Shoemaker allegedly furnished to Garcia "in violation of [section] 1714 [subdivision] (d)." We disagree. Rather than providing a basis for liability, section 1714 precludes liability against respondents.

A.    *Section 1714*

Section 1714, as presently constituted, was designed to reinstate in California a common law rule that immunized from civil liability those who provided alcoholic beverages to someone who then injured himself or a third party due to intoxication. The theory behind the rule is that the furnishing of alcohol is not the proximate cause of injuries resulting from intoxication; rather, it is the consumption of alcohol that is the proximate cause of such injuries. (See 6 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 1066, pp. 382-384.) California followed this rule until 1971. In a series of cases beginning that year, the California Supreme Court rejected the common law rule, first holding that a commercial vendor of alcoholic beverages who sold alcohol to an obviously intoxicated person could be held liable for injuries caused by that person, and ultimately expanding its holding to social hosts. (See *Vesely v. Sager* (1971) 5 Cal.3d 153 [abrogating common law rule and finding defendant could be liable based upon violation of criminal statute prohibiting vendors from selling alcohol to

4

intoxicated person]; *Bernhard v. Harrah's Club* (1976) 16 Cal.3d 313 [holding that out of state vendor who sold alcohol to intoxicated person could be held liable on the basis of negligence]; *Coulter v. Superior Court* (1978) 21 Cal.3d 144, 149 [extending *Vesely* holding to noncommercial providers of alcohol, such as "social hosts," under traditional common law negligence principles]; see also *Strang v. Cabrol* (1984) 37 Cal.3d 720, 724 [discussing evolution of law regarding liability based upon provision of alcohol to intoxicated person].)

The Legislature responded to the Supreme Court cases by enacting legislation in 1978 that, among other things, amended section 1714 to specifically abrogate the holdings of those cases and reinstate the common law rule. (Stats. 1978, ch. 929, § 2, p. 2904; *Strang v. Cabrol*, *supra*, 37 Cal.3d at p. 723.) In 2010, the Legislature again amended section 1714 to carve out a limited exception to the immunity granted under the common law rule as set forth in the statute. At present (and at the time of the injuries at issue here), the statute provides:

> "(a) Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. . . .

> "(b) It is the intent of the Legislature to abrogate the holdings in cases such as *Vesely v. Sager* (1971) 5 Cal.3d 153, *Bernhard v. Harrah's Club* (1976) 16 Cal.3d 313, and *Coulter v. Superior Court* (1978) 21 Cal.3d 144 and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

> "(c) Except as provided in subdivision (d), no social host who furnishes alcoholic beverages to any person may be held legally accountable for damages suffered by that person, or for injury to the person or property of,

5

or death of, any third person, resulting from the consumption of those beverages.

"(d)(1)  Nothing in subdivision (c) shall preclude a claim against a parent, guardian, or another adult who knowingly furnishes alcoholic beverages at his or her residence to a person whom he or she knows, or should have known, to be under 21 years of age, in which case, notwithstanding subdivision (b), the furnishing of the alcoholic beverage may be found to be the proximate cause of resulting injuries or death.

"(2)  A claim under this subdivision may be brought by, or on behalf of, the person under 21 years of age or by a person who was harmed by the person under 21 years of age."  (§ 1714.)

B.     *Plaintiffs' Claims Against Respondents Are Barred Under Section 1714*

In the case before us, the complaint alleged that Shoemaker knowingly furnished alcohol to Garcia, who was under the age of 21, at Shoemaker's residence, and that respondents conspired with Shoemaker and/or aided, abetted, and assisted Shoemaker in furnishing alcoholic beverages to Garcia at his residence.  On appeal, plaintiffs contend the trial court improperly dismissed their claims against respondents because violation of a statutory duty or a statute embodying a public policy generally is actionable, and they alleged all the elements necessary to plead causes of action for conspiracy to violate and/or aiding and abetting a violation of a statute, i.e., section 1714, subdivision (d).

Plaintiffs are correct that, as a general matter, violation of a statutory duty or a statute embodying a public policy may give rise to liability.  (See, e.g., *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1224.)  But that general principle does not assist plaintiffs here.  As an initial matter, we note that section 1714, subdivision (d) cannot be "violated" because it does not prohibit any conduct, and therefore one cannot conspire to violate or aid and abet a violation of section 1714, subdivision (d).  But more importantly, section 1714 precludes *all* claims against

6

persons (other than commercial venders of alcohol[3]) who provide alcohol to someone who then injures another person, except under the very narrow circumstances set forth in section 1714, subdivision (d).

Although the claim against Shoemaker appears to fall within the section 1714, subdivision (d) exception, plaintiffs cannot bootstrap respondents into that exception by alleging that respondents conspired with or aided and abetted Shoemaker by providing alcoholic beverages that were furnished to Garcia. Subdivision (b) of section 1714 unequivocally states that "the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication." This provision necessarily precludes liability against anyone who furnished alcohol to someone who caused injuries due to intoxication. The exception set forth in subdivision (d) vitiates subdivision (b) for a very narrow class of claims: claims against an adult who knowingly furnishes alcohol at his or her residence to a person he or she knows is under the age of 21. Because respondents are not alleged to have furnished alcohol to Garcia at their residences, plaintiffs' claims against them are barred because, as a matter of statutory law,

---

[3]     When the Legislature amended section 1714 in 1978, it also amended provisions governing commercial vendors of alcohol in order to reinstate the common law rule as it applies to them. At that time, the Legislature created an exception to the broad immunity provided by the rule, by providing that "'a cause of action may be brought by or on behalf of any person who has suffered injury or death against any [licensed purveyor of alcoholic beverages] who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person.'" (*Strang v. Cabrol*, *supra*, 37 Cal.3d at p. 723, see Bus. & Prof. Code, § 25602.1.) Inasmuch as the case before us does not involve any licensed purveyor of alcoholic beverages, our discussion is limited to the effect of section 1714 on plaintiffs' causes of action.

plaintiffs cannot establish that respondents' actions proximately caused plaintiffs' injuries.[4]

## DISPOSITION

The judgments are affirmed. Respondents Chelsea Meyer and Tara Rohar shall recover their costs on appeal.

**CERTIFIED FOR PUBLICATION**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.

---

[4]     For this reason, plaintiffs' discussion of *Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764 and *Rowland v. Christian* (1968) 69 Cal.2d 108, regarding general principles of duty and forseeability of harm, is irrelevant to the issues in the instant case; as a matter of law, plaintiffs cannot establish proximate causation.