[No. A014519. First Dist., Div. Five. Oct. 12, 1984.]

NORENE ROGERS et al., Plaintiffs and Appellants, v.
CHARLES F. ALVAS et al., Defendants and Respondents.

COUNSEL

Thomas E. Lowman and Burriss, Lowman & Rice for Plaintiffs and Appellants.

Steven P. Cohn, Eric F. Hartman and Lariviere & Dickerson for Defendants and Respondents.

OPINION

**HANING, J.**—Plaintiffs appeal from a summary judgment for defendants in a personal injury action alleging defendants' liability as retail liquor deal-

ers in furnishing alcoholic beverages to a sober minor, who subsequently operated a motor vehicle while intoxicated and caused plaintiffs' injuries.

For purposes of these proceedings defendants have not disputed plaintiffs' factual allegations, and the matter has been presented as involving only the single legal issue of statutory immunity.

 We conclude that licensed alcoholic beverage dealers who provide alcoholic beverages to sober minors are statutorily immune from claims by third parties injured as a result of the intoxication of those minors and uphold the judgment.

Sometime during the evening hours of January 12, 1979, defendants sold Timothy D., a then sober minor, a half gallon bottle of whiskey. Timothy then met with three other minor friends, and they all commenced drinking the whiskey. At some point past midnight Timothy obtained the keys to one of his companions' automobiles. In an intoxicated condition, Timothy drove the vehicle through the plaintiffs' house and struck plaintiff Norene Rogers, causing the injuries for which plaintiffs seek damages.

Defendants contend that Business and Professions Code sections 25602,[1] 25602.1[2] and Civil Code section 1714,[3] as enacted and amended by the

---

[1]Business and Professions Code section 25602 states: "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor. [¶] (b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage. [¶] (c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

[2]Business and Professions Code section 25602.1 states: "Nothwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person."

[3]Civil Code section 1714 states: "(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want or ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief. [¶] (b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries

Legislature in 1978, establish a statutory scheme of total immunity for licensed alcoholic beverage dealers against plaintiffs' claims.

Immediately prior to the 1978 amendments, California decisional law imposed tort liability for the furnishing of alcoholic beverages to intoxicated persons who, as a result of their intoxication, subsequently injured third parties. Such liability was created by three decisions of our Supreme Court: First, *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], imposed liability on licensed vendors of alcoholic beverages who, in violation of former Business and Professions Code section 25602,[4] furnished alcohol to intoxicated persons who then caused injury to third parties. Second, *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719], extended the liability imposed by *Vesely* to Nevada gambling casinos catering to California residents who drove across the state line to patronize those establishments and subsequently caused accidents and injuries in California, holding them generally liable "under modern negligence law." (*Id.*, at p. 325.) Third, *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669], subjected social hosts to the liability imposed on commercial vendors in *Vesely* and *Bernhard*. Prior to *Vesely* no such liability existed, based on the concept that the voluntary consumption of alcohol, rather than its sale, was the proximate cause of the injury. (*Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137].)

In 1978, the Legislature amended Business and Professions Code section 25602 by adding subdivision (b) and (c) (fn. 1, *ante*) and Civil Code section 1714 by adding subdivisions (b) and (c) (fn. 3, *ante*), and added section 25602.1 to the Business and Professions Code (fn. 2, *ante*). Defendants rely upon these amendments and the decision of our Supreme Court in *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8] to support their position that plaintiffs have no cause of action against them.

The *Cory* court held that a minor who injured himself after becoming intoxicated at a party had no cause of action against the nonlicensed provider of alcoholic beverages. Characterizing the 1978 amendments as "a patchwork of apparent inconsistencies and anomalies," some of which it de-

---

resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person. [¶] (c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

[4]At that time, Business and Professions Code section 25602 read: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor."

scribed, it nevertheless upheld them "with effort" against a general constitutional attack. (*Cory* v. *Shierloh, supra,* 29 Cal.3d at pp. 437-441.)

The *Cory* court agreed with the trial court's ruling that "[b]y legislative mandate the *consumption* of alcoholic beverages is the proximate cause of injuries resulting from intoxication, *not the furnishing* of such beverages by itself . . . ." (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 436, italics supplied.) Emphasizing that Business and Professions Code section 25602.1 refers to the sale by a *licensed* vendor to an *obviously intoxicated minor,* the Supreme Court described that statutory circumstance as "a single exception to the foregoing sweeping immunity" contained in the 1978 amendments. (*Id.,* at p. 436.)

Thereafter, in *Burke* v. *Superior Court* (1982) 129 Cal.App.3d 570 [181 Cal.Rptr. 149], a divided Court of Appeal ruling on a factual situation virtually identical with the instant case imposed liability on a licensed vendor who sold alcohol to a sober minor, who then injured a third party. The *Burke* court held that neither *Cory* nor the 1978 amendments insulated a liquor dealer from such liability as a matter of law. Plaintiffs urge us to follow *Burke*'s reasoning, but we respectfully decline.

We agree with appellant and the *Cory* court that the amendments present some ambiguity. For instance, the *Vesely, Bernhard* and *Coulter* decisions all involved the sale or furnishing of alcohol to intoxicated adults. In its stated intent to abrogate those decisions and change the law in this area as it related to proximate cause, the Legislature did not include *Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87 [100 Cal.Rptr. 752], which imposed liability for furnishing alcohol to a minor. Thus, it can be argued, the Legislative intent was to leave the law in place as it related to minors. Further, Business and Professions Code section 25602.1 imposes liability on licensed vendors providing alcohol to obviously intoxicated minors "where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." If Business and Professions Code section 25602, subdivision (c), and Civil Code section 1714, subdivision (b), establish that the consumption of alcohol and not the sale or furnishing thereof is the proximate cause of injuries to third persons, how can the sale or furnishing ever be the proximate cause under section 25602.1? Does the reference to "minors" refer literally to persons under the age of 18 as defined by section 25 of the Civil Code (see also Civ. Code, § 25.1) or does it refer to persons under the lawful drinking age of 21? (See Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 25658.)

■ The primary rule of statutory construction is to determine legislative intent. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 231

[110 Cal.Rptr. 144, 514 P.2d 1224].) ▮▮ · In this instance the Legislature has specifically declared its intent in Business and Professions Code section 25602, subdivision (c) (fn. 1, *ante*), and again in Civil Code section 1714, subdivision (b) (fn. 3, *ante*). In addition, the history of the 1978 amendments as they moved through the legislative process confirms our view that licensed vendors of alcoholic beverages have no liability under circumstances such as those at hand.

On April 28, 1977, Senate Bill No. 1175 was introduced by Senator Foran. It sought to amend Business and Professions Code section 25602 (fn. 4, *ante*) in the following manner: "Existing statutory law provides that every person, as defined, who sells, furnishes, gives, or causes to be sold, furnished or given away, any alcoholic beverage to any obviously intoxicated person is guilty of a misdemeanor. Existing law also establishes a rebuttable presumption, under certain circumstances, re failure to exercise due care in case of violation of a statute. Case law has made violation of the above statutory provision the basis of civil liability for injuries caused to a third person by the intoxicated person. [¶] This bill would provide that in the trial of any civil action, any party claiming that any person did not exercise due care, or claiming the benefit of the rebuttable presumption, by reason of violation of the statutory provision prohibiting the furnishing of alcoholic beverages to an intoxicated person, shall have the burden of proving by clear and convincing evidence that such person has violated such statutory provision. [¶] The bill would provide that no person shall be liable in any civil action for violating the above statutory provision unless such person is served and return is made within 120 days after commencement of such action. [¶] The bill would limit liability in any such civil action to $100,000 for death or injury of any 1 person, $250,000 for death or injury of any 2 persons, and $25,000 for property damage." (Leg. Counsel's Dig. of Sen. Bill No. 1175 (1977-1978 Reg. Sess.)

Thereafter the bill was amended June 15, 1977, January 9, 1978, January 19, 1978, August 14, 1978, August 23, 1978. The August 23 amended version provided, inter alia, that nonlicensees would have no liability for the sale or furnishing of alcoholic beverages, but maintained limited liability for licensed vendors. Senate Bill No. 1175 underwent one final revision in a conference committee on August 31, 1978. The final version, which was signed into law by the Governor, deleted all proposed amendments to Business and Professions Code section 25602, among which were provisions imposing liability on licensed vendors. It added, inter alia, section 25602.1 (fn. 2, *ante*) which, in turn, referred to section 25602 as amended by another bill, Senate Bill No. 1645.

On May 2, 1978, Senator Ayala introduced Senate Bill No. 1645, dealing with the same subject matter. It also sought to amend Business and Profes-

sions Code section 25602, as well as Civil Code section 1714. However, unlike Senate Bill No. 1175 which merely imposed certain restrictions and limitations upon recovery against licensed alcoholic beverage providers, Senate Bill No. 1645 sought to eliminate all such liability. It was amended once on May 17, 1978, to include reference to the *Coulter* decision in both statutes, to add subdivision (c) to Civil Code section 1714 in order to extend immunity to social hosts, to broaden the immunity under Business and Professions Code section 25602, subdivision (b), to actions by "any injured person or the estate of such person" instead of just "a third person" and, finally, to provide in subdivision (c) of section 25602, a legislative declaration of how the statute *shall* be interpreted in lieu of the originally proposed amendment expressing legislative intent. This version was enacted into law.

A comparison of the provisions of Senate Bill No. 1175 as it read initially and prior to its amendment in conference committee, and as it read in its final version, and of the final version of Senate Bill No. 1645 reflects the Legislature's intent to eliminate liability for all providers of alcoholic beverages toward persons injured or killed by intoxicated consumers of those beverages, except in the case of licensed vendors who furnish alcohol to obviously intoxicated minors. Confirming this intent is a letter dated September 8, 1978, by the author of Senate Bill No. 1175 to the Governor which reads, in part: "Dear Governor Brown: [¶] My Senate Bill 1175 has passed both Houses of the Legislature and is now on your desk for signature. [¶] In the final days of the Session, when my Senate Bill 1175 and Senate Bill 1645 (Ayala) were on the Floor of the Assembly, we held discussions with representatives from your office. It was agreed upon in these meetings that Senate Bill 1645 would be signed into law and that those provisions which your office wanted contained in Senate Bill 1645 would be amended into my Senate Bill 1175. Therefore, *the provisions of limited liability to third parties injured as a result of being served intoxicating liquor by a licensee were stricken from my bill, and the provisions requested by your staff inserted.* [¶] In effect this means that the Dram Shop Law, insofar as it pertains to liability to third parties, would be as set forth in Senate Bill 1645 with the amendatory provisions contained in my follow-up bill. It is, therefore, essential that you first sign Senate Bill 1645 before signing Senate Bill 1175. [¶] *Containing the provisions requested by your office, Senate Bill 1175 would permit third party liability suits against liquor licensees who furnish alcoholic beverages to an obviously intoxicated minor if that minor causes personal injury or death as a result of his intoxication.* . . ." (Italics added.)

Thus, it seems clear that the Legislature rejected the concept of preserving even limited liability for persons selling or furnishing alcoholic beverages,

and imposed liability only on *licensed* vendors who sell or furnish to *obviously intoxicated minors.* To hold otherwise we would have to conclude the Legislature did not intend to differentiate between sobriety and "obvious" intoxication, a conclusion belied by the clear statutory language. ■ We must construe the clear words of the statute according to their ordinary and usual meaning. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 231.) In so doing we must give significance to each word and phrase and avoid any construction rendering any words or phrases surplusage. (*Moyer, supra,* at p. 230.) ■ By declaring that the *consumption* of alcohol and *not the sale or furnishing thereof* is the proximate cause of injury inflicted by intoxicated persons, except for sales by licensed vendors to obviously intoxicated minors, the Legislature has redefined these torts, which is within its prerogative. (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 439.) ■ The use of the modifying phrase "obviously intoxicated" preceding "minor" in Business and Professions Code section 25602.1 would be meaningless surplusage if the Legislature intended to hold licensed vendors liable for selling or furnishing alcohol to those minors who were sober. ■ We also conclude that the use of the term "minor" refers to persons under the age of 21. ■ The wording of the statute must be viewed "in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.) ■ The statutory framework encompassing the lawful age at which alcoholic beverages may be purchased or acquired is mandated by the California Constitution, which prohibits the sale or furnishing of such beverages to any one under the age of 21. (Cal. Const., art. XX, § 22.) The Legislature recognized this when it changed the age of majority for most purposes from 21 to 18. "Except for the provisions relating to the minimum voting age, *the provisions relating to minimum age for the sale, purchase or consumption of alcoholic beverages,* the provisions relating to the sentencing and commitment of persons to the Department of the Youth Authority, or the provisions relating to veterans' benefits, whenever, in any provision of law, the term '21 years of age' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.'" (Stats. 1971, ch. 1748, § 1, italics supplied.)

■ We interpret the decision of our Supreme Court in *Cory* as requiring the result we reach herein. "[T]he 1978 amendments extend to providers of alcoholic beverages a general immunity from suit, subject to the provisions of section 25602.1 of the Business and Professions Code, which preserves a cause of action by an injured person against a *licensed* seller or furnisher of alcoholic beverages to an obviously intoxicated *minor.*" (29 Cal.3d at p. 439.)

While we share the *Cory* court's concern about the nature and wisdom of the 1978 amendments, we also agree that those are decisions well within the province of the Legislature.

The judgment is affirmed.

Low, P. J., and King, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 16, 1985.