[No. A026509. First Dist., Div. Three. Feb. 3, 1986.]

HAMILTON BASS, SR., et al., Plaintiffs and Appellants, v.
JAMES J. PRATT et al., Defendants and Respondents.

**COUNSEL**

Mayron, Emanuel & Ince and Larry J. Ince for Plaintiffs and Appellants.

Ropers, Majeski, Kohn, Bentley & Wagner, Ropers, Majeski, Kohn, Bentley, Wagner & Karl, Mark G. Bonino, Lawrence M. Guslani and David J. Miclean for Defendants and Respondents.

**OPINION**

**BARRY-DEAL, J.**—Hamilton and Cecelia Bass appeal from a judgment of dismissal after order granting motion for summary judgment in favor of respondents Linda, Sandra, and James Pratt. Appellants argue that triable issues of fact exist and that therefore the motion for summary judgment was wrongfully granted. We conclude that the motion was properly granted and affirm the judgment.

*Facts*

On October 31, 1981, respondent Linda Pratt, then age 17, invited friends, both adults and minors, to her home in San Jose for a Halloween party. Respondents Sandra and James Pratt, Linda's parents, were at home during the party. The Pratts provided beer and wine despite knowing that some guests were under the age of 21.

At approximately 8 p.m. that evening, Peter Panetta and Gregory Dodgin,[1] both eighteen years old, purchased two or three 6-packs of beer at a

---

[1]Panetta and Dodgin are not parties to this appeal.

local 7-Eleven store. They drove away and began drinking the beer. They picked up two friends and arrived at the Pratt home about 8:30. Panetta and Dodgin may have had as many as three beers each by the time they arrived at the party. Dodgin drank one 10-ounce glass of beer at the party and took two sips from a second glass.

Dodgin and his two friends left the party in Panetta's car, while Panetta remained at the party. At 9:50 p.m. Dodgin, driving 70 miles per hour in a residential area, crossed over a center line and collided head-on with a vehicle driven by Randall Bass, Jr., age 20. Denise Edmonson, Randall's fiancee, was a passenger in Randall's car. Randall sustained fatal injuries, and Denise suffered serious injuries. The accident also caused Randall's vehicle to collide with another, in which a passenger was injured. A blood alcohol test performed on Dodgin one and one-half hours after the accident showed a level of 0.166.

### Statement of the Case

On September 29, 1982, appellants filed a first amended complaint for wrongful death against respondents and others, alleging that respondents' liability was based on providing alcoholic beverages to intoxicated minors. Appellants allege that Dodgin was suffering from an exceptional physical or mental condition within the meaning of *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540], and that respondents knew or should have known of the condition.

On October 26, 1982, respondents answered the first amended complaint and on December 13, 1983, filed a motion for summary judgment on the ground that the Legislature had specifically declared social hosts to be immune from any liability arising out of the furnishing of alcoholic beverages to any person. Respondents argued that as a matter of law, the facts did not fall within the narrow rule of *Cantor*.[2] The court determined that *Cantor* was distinguishable from the instant case and granted summary judgment based on the statutory immunities provided to social hosts in Civil Code section 1714 and Business and Professions Code section 25602. Judgment was entered against appellants, and this appeal followed.

### Discussion

■ We first note that summary judgment is proper if the evidence in support of the moving party would be sufficient to sustain a judgment in his

---

[2]As will be discussed more fully *infra, Cantor* v. *Anderson, supra*, 126 Cal.App.3d 124, 132, held that "where a social host knows his [or her] guest is one who *because of* some exceptional physical or mental condition should not be served alcoholic beverages and is or should be aware of the risks included in providing such person with alcohol, the host is not protected by the provisions of [Civ. Code] section 1714, subdivisions (b) and (c)."

or her favor, and the opposing party has not presented any facts which give rise to a triable issue of material fact. (*Kallen* v. *Delug* (1984) 157 Cal.App.3d 940, 948 [203 Cal.Rptr. 879].) Where the only question before the court is one of law, it is the duty of the court on a motion for summary judgment to hear and determine the issue of law. (*Burke Concrete Accessories, Inc.* v. *Superior Court* (1970) 8 Cal.App.3d 773, 775 [87 Cal.Rptr. 619].)

Appellants insist that an issue of fact did exist as to whether Dodgin was suffering from an exceptional mental or physical condition within the meaning of *Cantor* v. *Anderson, supra,* 126 Cal.App.3d 124, as a result of youth, inexperience, his degree of alcohol impairment, and the degree to which he was capable of voluntary action. The trial court determined, however, that *Cantor* was inapplicable to the instant case, thereby precluding any question of fact as to Dodgin's mental or physical condition. In order to determine the propriety of the court's ruling on the motion for summary judgment, we must consider the applicability of *Cantor* to the present facts.

In 1978 the Legislature amended Civil Code section 1714 and Business and Professions Code section 25602 in order to create a broad statutory immunity against civil liability for social hosts who furnish alcoholic beverages to any person.[3] The amendments effectively reinstated the prior common law as expressed in *Cole* v. *Rush* (1955) 45 Cal.2d 345, 356 [289 P.2d 450, 54 A.L.R.2d 1137], "that as to a competent person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use . . . ."

---

[3]The 1978 amendments added subdivisions (b) and (c) to Civil Code section 1714: "(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court (21 Cal.3d 144) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

The 1978 amendments also added subdivisions (b) and (c) to Business and Professions Code section 25602: "(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

Prior to 1978, *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719], and *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669] had sought to abrogate the holding of *Cole* v. *Rush, supra,* 45 Cal.2d 345. "Departing from the then existing common law rule, *Vesely* held that a commercial vendor of alcoholic beverages was subject to liability for injuries to third persons resulting from the vendor's sale of alcohol to an obviously intoxicated person in violation of section 25602. (*Supra,* 5 Cal.3d 153.) The *Vesely* court reasoned that the injured third party was among the class of persons for whose protection the statute was adopted and concluded a presumption of negligence would arise if the plaintiff could establish that the statutory violation proximately caused his [or her] injuries. (P. 165; see also Evid. Code, § 669.) While *Vesely* relied upon a statutory violation to make out a breach of duty of care, the *Bernhard* court clarified that 'there was no bar to civil liability under modern negligence law' against a defendant commercially providing alcohol in Nevada to an obviously intoxicated person. (*Bernhard* v. *Harrah's Club, supra,* 16 Cal.3d at p. 325; see also *Cantor* v. *Anderson* (1981) 126 Cal.App.3d at p. 127 . . . .) Finally, in *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144, the *Vesely* holding was extended 'to noncommercial providers, such as "social hosts," relying upon both section 25602 and traditional common law negligence principles.' (*Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 434-435 . . .; see also *Cantor* v. *Anderson, supra,* at p. 127.) Said the *Coulter* court: 'We think it evident that the service of alcoholic beverages to an obviously intoxicated person by one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway . . . . Simply put, one who serves alcoholic beverages under such circumstances fails to exercise reasonable care.' (Italics in original; *Coulter,* at pp. 152-153; see also *Cory* v. *Shierloh, supra,* at p. 435.)" (*Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 724 [209 Cal.Rptr. 347, 691 P.2d 1013].)[4]

In *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, the plaintiff, a minor, was injured after he became intoxicated at a party and lost control of his vehicle while attempting to drive home. He sought damages from defendant Shierloh, also a minor, who hosted and supervised the party. Cory alleged that Shierloh permitted the unlicensed and unlawful sale and furnishing of alcoholic beverages to minors, that Shierloh negligently furnished Cory with such beverages knowing that Cory was obviously intoxicated and would be driving a car, and that the furnishing of alcoholic beverages proximately caused Cory's intoxication and subsequent injuries. (*Id.,* at pp. 434-435.)

---

[4]The constitutionality of the 1978 amendments was upheld in *Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 433 [174 Cal.Rptr. 500, 629 P.2d 8].

The Supreme Court held that the 1978 amendments barred an action by an intoxicated minor, as well as by third persons injured by him [or her]: "Although the 1978 amendments are hardly models of draftmanship, we must conclude that section 25602, subdivision (b), reasonably construed, bars a suit by the intoxicated consumer as well as by third persons injured by him [or her]." (*Cory* v. *Shierloh, supra,* 29 Cal.3d 430, 437.)[5]

In *Strang* v. *Cabrol, supra,* 37 Cal.3d 720, the Supreme Court reaffirmed the statutory immunities: "Guided by settled principles of statutory construction we conclude that the sweeping civil immunity now provided by Civil Code section 1714 and section 25602 was intended to encompass the situation where alcoholic beverages are sold to a person 'under the age of 21 years' (§ 25658), except where the sale is by a licensee to a 'minor' who, at the time of sale, is 'obviously intoxicated' within the meaning of section 25602.1." (*Strang, supra,* at p. 724.) The *Strang* court went on to say: "The maxim *expressio unius est exclusio alterius* applies here. Under this familiar rule of construction, an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions are to be implied. [Citations.] The 'single exception' to the 'sweeping immunity' afforded by the 1978 amendments (*Cory* v. *Shierloh, supra,* at p. 436) is in cases of sale by a licensee to an obviously intoxicated minor (§ 25602.1). If the Legislature had intended also to exclude sales to sober, underage persons from the reach of the superseding statute, it could have said so directly by amending section 25658 to that effect." (*Strang, supra,* at p. 725.)[6]

Pursuant to *Strang,* we conclude that if the Legislature had intended to exclude from the statutory immunities the furnishing of alcoholic beverages by a social host to an intoxicated minor, it would have done so by expressly amending Civil Code section 1714.[7] (See *Rogers* v. *Alvas* (1984) 160 Cal.App.3d 997, 1001-1004 [207 Cal.Rptr. 60].)

---

[5]The *Cory* court relied on Business and Professions Code section 25602, subdivision (b), in reaching its conclusion. The court therefore did not have to decide whether the defendants, who allegedly charged an entrance fee to the party, could be deemed "social hosts," "who are also shielded from civil liability by Civil Code section 1714, subdivision (c)." (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 437.)

[6]Business and Professions Code section 25602.1 provides: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person."

[7]The *Strang* court resolved a conflict among the Courts of Appeal, holding that there was no liability for selling or furnishing alcoholic beverages to a minor who was not obviously intoxicated. (*Strang* v. *Cabrol, supra,* 37 Cal.3d at p. 721.) It disapproved *Burke* v. *Superior Court* (1982) 129 Cal.App.3d 570 [181 Cal.Rptr. 149], which had held that a licensee

Appellants nevertheless argue that the judicial exception to the statutory immunity announced in *Cantor* v. *Anderson, supra,* 126 Cal.App.3d 124, controls here. In *Cantor,* the plaintiff, who ran a home for developmentally disabled persons, was injured by a developmentally disabled resident after he consumed alcoholic beverages and attacked her. The defendants, neighbors of the plaintiff, served alcoholic beverages to the resident, knowing of his disability. The resident suffered a seizure, lost consciousness, was unable to control his conduct, and subsequently became violent. He injured the plaintiff, who attempted to help him. (*Id.,* at p. 126.)

The *Cantor* court noted that the 1978 amendments returned the law to the rule of *Cole* v. *Rush, supra,* 45 Cal.2d 345. (*Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 129.) It then proceeded to explain: "But in returning to the rule of *Cole,* we also return to the limitations of the rule. As *Cole* said of the common law rule, there is ' "no remedy for injury or death following the mere sale of liquor to the *ordinary [person],* either on the theory that it is a direct wrong or on the ground that it is negligence, which imposes a legal liability on the seller for damages resulting from the intoxication." ' (Italics added [by the *Cantor* court].) [Citations.] *Cole* further said '(1) that as to a *competent* person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use; (2) that the *competent* person voluntarily consuming intoxicating liquor contributed directly to any injury caused thereby . . . .' (*Cole,* at p. 356; cf. 57 Cal.L.Rev. 995, 1004.) (Italics added [by the *Cantor* court].)

"Thus, the common law rule did not affect liability for the furnishing of alcoholic beverages to a person unable to voluntarily resist its consumption; e.g., one 'who was in such a condition as to be deprived of his [or her] will power or responsibility for his [or her] behavior . . . .' (Fn. omitted.) [Citation.]" (*Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 130.) The court held that liability could be found where an injury was the joint product of an exceptional mental or physical condition and alcohol. (*Id.,* at pp. 130-131.)

The *Cantor* court expressly stated that its holding was limited to the facts before it: "Our decision is a narrow one. Nothing in our opinion should be construed as saying that developmentally disabled or retarded persons are as a class excluded from the provisions of [Civ. Code] section 1714. We in no way imply that retarded or developmentally disabled persons are necessarily incapable of handling alcohol consumption. We hold, simply, that

---

who sells alcoholic beverages to a sober person under age 21 could be liable to injured third parties when the buyer becomes intoxicated and injures them by his or her drunk driving. (*Strang, supra,* at p. 728.)

where a social host knows his [or her] guest is one who *because of* some exceptional physical or mental condition should not be served alcoholic beverages and is or should be aware of the risks included in providing such person with alcohol, the host is not protected by the provisions of section 1714, subdivisions (b) and (c)." (*Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 132.)

Appellants argue that Dodgin suffered from some exceptional physical or mental condition in that he was a minor and "incapable of exercising the same degree of volitional control over [his] consumption or [*sic*] alcoholic beverages as the average, reasonable, competent person."

In his declaration in opposition to motion for summary judgment, Dr. Herbert Moskowitz, appellants' expert witness, opined that Dodgin was possessed of a type of exceptional mental or physical condition. He stated that because of his youth and inexperience, Dodgin was more impaired than the average competent adult after ingesting the same quantity of alcohol, that he was less knowledgeable than the average competent adult regarding the consequences of ingesting alcohol, and that he was more easily influenced by the effects of alcohol than the average competent adult would be. Thus, youth alone would constitute an "exceptional mental or physical condition."

Appellants cite *Burke* v. *Superior Court, supra,* 129 Cal.App.3d 570, 575, and *Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87, 94 [100 Cal.Rptr. 752], for the proposition that youth constitutes a physical condition which precludes the safe and lawful consumption, provision, and use of alcohol. In disapproving *Burke,* the Supreme Court stated in *Strang* v. *Cabrol, supra,* 37 Cal.3d 720, 726: "The *Cole* definition of an 'ordinary [person]' who voluntarily consumes liquor embraces a minor engaging in the same conduct, absent some additional showing that the minor is incompetent, incapable of voluntary action, or otherwise suffers from some peculiar mental disability (see, e.g., *Cantor* v. *Anderson, supra,* 126 Cal.App.3d 124). Although the facts in *Cole* concerned an adult who became intoxicated, the court relied on an Arizona decision holding that no cause of action was stated against a 'tavernkeeper who unlawfully sold intoxicating liquor to a child of the age of 15, upon which she became intoxicated, because "It cannot be said as a matter of law that a child of fifteen has neither will nor choice nor discretion whatever". . . .' (*Cole, supra,* 45 Cal.2d at p. 353, quoting *Collier* v. *Stamatis* (1945) 63 Ariz. 285 [162 P.2d 125, 126-127].) Indeed, Civil Code section 41 creates the presumption that a minor, like an adult, is ordinarily responsible for his [or her] torts. [Citation.]" Here, appellants make no additional showing that Dodgin was

incompetent, incapable of voluntary action, or otherwise suffered from some peculiar mental disability.[8]

The statutory provisions of Civil Code section 1714 and Business and Professions Code section 25602 immunize a social host against civil liability for furnishing alcoholic beverages to an intoxicated minor. Therefore, the trial court properly granted respondents' motion for summary judgment.

The judgment is affirmed.

White, P. J., and Merrill, J., concurred.

A petition for a rehearing was denied February 27, 1986, and appellants' petition for review by the Supreme Court was denied April 16, 1986.

---

[8]Business and Professions Code section 25658, subdivision (a), provides: "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor." Respondents are not civilly liable by reason of violating that section. (*Strang* v. *Cabrol, supra,* 37 Cal.3d 720, 727.)