[No. A032974. First Dist., Div. Two. Feb. 3, 1987.]

JEROME ZIEFF, Plaintiff and Appellant, v.
NEIL WEINSTEIN et al., Defendants and Respondents.

**COUNSEL**

Bianco, Brandi, Jones & Rudy, Bianco, Brandi & Jones, Thomas J. Brandi and Lawrence A. Mercer for Plaintiff and Appellant.

David P. Freitas, Richard P. Murray and Freitas, McCarthy, Bettini, Mac-Mahon, Freitas & Lemon for Defendants and Respondents.

## OPINION

**BENSON, J.**—In this case we must determine whether an unlicensed party who sells liquor to an obviously intoxicated minor may be held civilly liable to a person later injured by him. We find statutory law and judicial precedent compel the conclusion that no such cause of action may be sustained. Accordingly, we affirm an order granting a demurrer without leave to amend and dismissing plaintiff's action against the defendants herein.[1]

Since this appeal arises from a dismissal based on a demurrer without leave to amend, we may presume all material facts pled in the complaint to be true. (*Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 722 [209 Cal.Rptr. 347, 691 P.2d 1013].) The complaint alleges defendants Neil and Aija Weinstein (defendants) held a gathering at their home in San Rafael. Admission was charged and alcoholic beverages sold to persons attending. Defendants sold alcohol to 17-year-old Kurt Falkenburg, up to and beyond the point where Falkenberg was obviously intoxicated. Falkenberg left the gathering and subsequently crashed his automobile into a utility pole. Plaintiff, who was a passenger in Falkenberg's automobile, sustained severe injuries as a result of the accident.

A complaint was filed by plaintiff's guardian against Falkenberg and his parents, various entities involved in the sale, manufacture and servicing of Falkenberg's automobile, and defendants herein.

Plaintiff's fifth cause of action asserts the sale of alcoholic beverages to the obviously intoxicated Falkenberg by defendants thereby proximately causing the injuries suffered by plaintiff. The sixth cause of action states that defendants negligently breached a duty to supervise Falkenberg, by allowing, encouraging and permitting Falkenberg to become intoxicated and thereafter drive from the premises.

Defendants demurred to plaintiff's fifth and sixth causes of action. The demurrer was sustained by the trial court apparently on the basis that defendants, as unlicensed vendors of alcoholic beverages, were statutorily immune from liability for injuries sustained as a result of Falkenberg's intoxication.

---

[1]No judgment of dismissal was entered pursuant to the demurrer granted. Plaintiff appeals from the minute order sustaining the demurrer. Such an order is not appealable. (Code Civ. Proc., § 904.1; *Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 580 [30 Cal.Rptr. 534, 381 P.2d 390].) The minute order does not direct any judgment be prepared and neither party has questioned the validity of this appeal. We therefore shall deem the minute order sustaining the demurrer to incorporate an order of dismissal, and shall construe plaintiff's notice of appeal as applying to the dismissal. (*Id.* at pp. 579-580.)

Plaintiff presents two basic contentions on appeal. First, plaintiff asserts the statutory framework surrounding the vendor liability issue should be construed to allow recovery against an unlicensed vendor who sells alcoholic beverages to an obviously intoxicated minor. Plaintiff argues such a construction will avoid an absurd, unjust and unconstitutional result, as well as furthering the intent of the Legislature. Second, plaintiff submits that a special relationship between defendants and plaintiff was created by virtue of their selling alcohol to the obviously intoxicated Falkenberg. This special relationship purportedly gave rise to a duty to control the minor and thus defendants are liable for the breach thereof. For the reasons stated below, we reject both plaintiff's contentions.

In 1978 the Legislature amended Civil Code section 1714 and Business and Professions Code section 25602 to grant statutory immunity to persons furnishing alcoholic beverages to others.[2] The 1978 amendments added subdivision (c) to Civil Code section 1714 to provide: "(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

Business and Professions Code section 25602[3] was also altered to provide: "(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage."

The 1978 amendments were a legislative reaction to several Supreme Court decisions extending liability against alcoholic beverage providers for injuries arising from alcohol consumption. In *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], the court found a commercial vendor of alcoholic beverages could be liable to a third party under former section 25602. The court later reached beyond the bounds of former section 25602 in *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719], finding there was no bar to civil liability under "modern negligence law" against a Nevada defendant who commercially provided alcohol to an obviously intoxicated person. (*Id.* at p. 325.) The expansion of liability culminated in *Coulter* v. *Superior Court of San Mateo Cty.* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669], where the court found a cause of

---

[2]Civil Code section 1714 and Business & Professions Code section 25602 were amended by Statutes 1978, chapter 929, pages 2903-2904, sections 1, 2.

[3]All statutory references are to the Business and Professions Code unless noted otherwise.

action against a social host for injuries to a third party under both former section 25602 and common law negligence principles.

The 1978 amendments explicitly sought to overrule the *Vesely* line of cases and replace it with former case law reasoning. Subdivision (c) was thus added to section 25602 to provide: "The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as *Vesely* v. *Sager* (5 Cal.3d 153), *Bernhard* v. *Harrah's Club* (16 Cal.3d 313) and *Coulter* v. *Superior Court* (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted on another by an intoxicated person."[4]

Subsequent judicial decisions have interpreted the 1978 amendments as granting broad immunity to providers of alcoholic beverages. In *Strang* v. *Cabrol, supra,* 37 Cal.3d at page 725, our Supreme Court interpreted the amendments stating: "The maxim *expressio unius est exclusio alterius* applies here. Under this familiar rule of construction, an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions are to be implied. [Citations.] The 'single exception' to the 'sweeping immunity' afforded by the 1978 amendments [citation] is in cases of sale by a licensee to an obviously intoxicated minor ([under] § 25602.1)." At the time this case was tried section 25602.1 provided: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300, who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." (See Stats. 1986, ch. 289, § 1 for current version of statute, the changes in which are not material to this appeal.)

■ Turning to the present case, plaintiff asserts the 1978 amendments should be construed to provide a cause of action for injured parties against an unlicensed seller of alcohol to an obviously intoxicated minor. In light of the statutory and judicial history outlined above, we must reject plaintiff's proposal.

The Supreme Court was confronted with a similar situation in *Cory* v.

---

[4]Civil Code section 1714 was similarly amended by the addition of subdivision (b): "It is the intent of the Legislature to abrogate the holdings in cases as [*Vesely, Bernhard* and *Coulter*] and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person."

*Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8]. The plaintiff in *Cory* was a guest at a party hosted by the defendant, who allegedly sold or furnished alcohol without a license to the minor while he was obviously intoxicated. The court held that under section 25602 the defendant was immunized from liability to the plaintiff for injuries allegedly caused by the plaintiff's consumption of alcoholic beverages. (*Id.* at p. 437.) The court was "forced to agree" by legislative mandate that the furnishing of alcoholic beverages is no longer the proximate cause of injuries resulting from intoxication. (*Id.* at p. 436.) Plaintiff in this case is likewise precluded by section 25602.

Plaintiff distinguishes *Cory,* pointing out section 25602.1 was not applied by the court because the parties agreed the section was not applicable. (*Cory v. Shierloh, supra,* 29 Cal.3d at p. 436.) ■ Plaintiff asks us to make section 25602.1 applicable to defendants. We find, however, section 25602.1 may not be invoked because defendants were not licensed vendors of alcoholic beverages.

Once again, section 25602.1 allows a cause of action against "any person *licensed pursuant to Section 23300,* who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any *obviously intoxicated minor* where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." (Italics supplied.) In *Strang,* the Supreme Court determined whether civil liability could be predicated on the sale or furnishing of alcoholic beverages to a minor who was not obviously intoxicated. The court found no such liability, stating "[i]f the Legislature had intended also to exclude sales to sober, underage persons from the reach of the superseding statute, it could have said so directly by amending section 25658 to that effect.' " (*Strang* v. *Cabrol, supra,* 37 Cal.3d at p. 725.) The First District Court of Appeal reached the same conclusion stating "[t]o hold otherwise we would have to conclude the Legislature did not intend to differentiate between sobriety and 'obvious' intoxication, a conclusion belied by the clear statutory language." (*Rogers* v. *Alvas* (1984) 160 Cal.App.3d 997, 1004 [207 Cal.Rptr. 60].)

The reasoning employed in *Strang* and *Rogers* to require the sale of alcoholic beverages be to an "obviously intoxicated" minor also mandates the conclusion that section 25602.1 may be invoked only when the provider of alcoholic beverages is "licensed." Our conclusion is supported by section 25602, subdivision (b), which includes a person who sells alcoholic beverages.

Plaintiff cogently argues it is senseless that liability must turn on whether the vendor has met California's liquor sales licensing requirements. As

pointed out by plaintiff, "[i]f literal interpretation is given to this statute, then a person without a license can sell alcohol to obviously intoxicated minors without any exposure to civil liability whatsoever." This is the path our Legislature has chosen to take, however. As stated in *Cory*: "We are not unmindful of the fact that the 1978 amendments constitute a patchwork of apparent inconsistencies and anomalies. Thus a licensed seller of liquor is liable to anyone injured by an obviously intoxicated minor served by the seller, while a nonlicensed, presumably illegal seller is not so liable. [Citation.] A preferred liability status is thus given to those sellers who refuse to obtain licenses.... Accordingly, whether or not the selling or supplying of the liquor is a tortious *cause* of a resultant injury turns on the *license* status of the supplier and the *age* of the consumer. Causation in a common law sense, whether actual or physical, proximate or legal, has never pivoted on such a perilous and seemingly irrelevant fulcrum. Nonetheless, our function is to find, if possible, some means to sustain, not reject, those amendments." (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 440, italics in original.) We hold plaintiff may not invoke section 25602.1 because defendant was not a licensed vendor of alcoholic beverages.

Plaintiff argues our conclusion is a violation of his equal protection and due process rights afforded by the California Constitution. This position was expressly considered and rejected in *Cory* and we are bound by that decision. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Plaintiff further asks us to deem defendants quasi-licensees and invoke 25602.1 accordingly. Plaintiff, however, fails to provide us with any basis to do this and we have found none. We therefore reject plaintiff's quasi-licensee argument.

Finally, plaintiff submits: "a special relationship between [defendants] and the foreseeably injured third party [was] created by their selling of alcohol to the obviously intoxicated Falkenberg, which thereby impose[d] a duty to control Kurt Falkenberg's conduct. If [defendants] wanted to provide alcohol to minors, they easily could have taken steps to control its consumption and preclude those under their care and supervision from operating motor vehicles.... The consequences of what was done are grave, the risks foreseeable and the tragic injuries to [plaintiff] preventable." Plaintiff invokes the reasoning of *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166], to support his claim.

Consistent with the cases cited and our reasoning above, we are unable to adopt plaintiff's argument. The cases have uniformly held that the 1978

amendments granted sweeping immunity from civil liability to providers of alcoholic beverages, with the exception of the cause of action provided by section 25602.1. The Legislature has broad authority to abolish tort causes of action and we believe they have done so in this case. (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 439.) This conclusion is supported by the recent decision of Division Three of this Court in *Bass* v. *Pratt* (1986) 177 Cal.App.3d 129 [222 Cal.Rptr. 723], where Justice Barry-Deal found an alcoholic beverage consumer's youth does not create an exceptional mental or physical condition sufficient to remove the protections of the 1978 amendments.[5] *Bass* arose in the context of a social host; however, we conclude the same reasoning should apply where the host charges admission. Defendants were therefore absolved of liability for injuries occasioned by their unlicensed vending alcoholic beverages to an obviously intoxicated minor.

 The 1978 amendments created broad immunity against liability occasioned by the furnishing of alcoholic beverages. We conclude the Legislature intended to extend this immunity to an unlicensed host who sells alcoholic beverages to an obviously intoxicated minor. Further, we hold no duty to supervise or protect can arise in this situation under the current statutory framework.

The judgment is affirmed.

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied February 25, 1987, and appellant's petition for review by the Supreme Court was denied April 23, 1987.

---

[5]Plaintiff's argument in *Bass* was based on *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124, 132 [178 Cal.Rptr. 540], where the court found when "a social host knows his guest is one who *because of* some exceptional physical or mental condition should not be served alcoholic beverages and is or should be aware of the risks included in providing such person with alcohol, the host is not protected by [section 1714]."