234 Cal.App.3d 1676 (1991)
286 Cal. Rptr. 275
LEO CARDINAL, Plaintiff and Appellant,
v.
SANTEE PITA, INC., et al., Defendants and Respondents.
Docket No. D012699.
Court of Appeals of California, Fourth District, Division One.
October 10, 1991.
*1678 COUNSEL
Thompson & McIntyre, Lann G. McIntyre, Lisa C. Guthrie and Monty A. McIntrye for Plaintiff and Appellant.
Lorber, Grady, Farley & Volk, William P. Volk and Deborah Newman for Defendants and Respondents.
OPINION
HUFFMAN, Acting P.J.
Leo Cardinal appeals a judgment of dismissal after the trial court sustained without leave to amend a demurrer to his complaint for damages against Santee Pita, Inc., doing business as the Moondance Bar (Moondance). Cardinal contends the trial court erred in sustaining Moondance's demurrer without leave to amend and subsequently dismissing his complaint because Civil Code section 1714 and Business and Professions Code[1] section 25602 do not preclude his common law action based upon injuries caused by the foreseeable effect of alcohol upon him, an individual with a mental disability. We disagree and affirm.

FACTS
We accept as true the facts alleged in the complaint. (Bigbee v. Pacific Tel. & Tel. Co. (1983) 34 Cal.3d 49, 56, fn. 10 [192 Cal. Rptr. 857, 665 P.2d *1679 947].) On January 26, 1989, Cardinal, who "is disabled and mentally incompetent due to organic brain damage," went to the Moondance, a bar duly licensed to sell alcoholic beverages, which he had visited numerous times. About 10 a.m., Cardinal, who had already been drinking that morning, bought his first drink at Moondance. Moondance continued to serve him drinks even after he became obviously intoxicated. Close to 11:30 a.m., he left the bar with the assistance of Moondance employees. As he was crossing a street adjacent to the bar, Cardinal was struck down by a motor vehicle and suffered severe injuries.
On January 23, 1990, he filed this lawsuit against Moondance, alleging it, and its employees acting as Moondance's agents, "knew, or should have known," of his disability and, at the time he was served his first drink that day, "knew or should have known," he was unable to control his consumption of alcohol due to his disability. Cardinal also alleged Moondance continued to serve him alcoholic drinks even though it knew "the furnishing of liquor to [him] would cause him to lose his mental and physical control which would create an unreasonable risk of harm to [him]," and Moondance "knew or should have known" he "intended to cross many busy and dangerous streets and intersections to get home when he left the bar...."
Cardinal further alleged the conduct of Moondance and its employees in continuing to sell and serve him alcoholic beverages when he was obviously intoxicated as a result of his organic brain damage was "despicable" and carried on with "a willful and conscious disregard" of his rights and safety. Cardinal therefore sought actual and punitive damages for Moondance's alleged negligence and malice.
Moondance demurred to Cardinal's complaint on grounds an action against it was barred by section 25602 and Civil Code section 1714. The trial court agreed, sustaining the demurrer without leave to amend and dismissing Cardinal's complaint. Cardinal timely appealed after judgment of dismissal was entered.

DISCUSSION
(1) For purposes of review, we treat as true the material facts alleged in the complaint and facts that may be implied or inferred from those expressly alleged. (Strang v. Cabrol (1984) 37 Cal.3d 720, 722 [209 Cal. Rptr. 347, 691 P.2d 1013].) We liberally construe the allegations to obtain justice between the parties and determine whether the allegations adequately state a cause of action under any legal theory. (Bloomberg v. Interinsurance Exchange (1984) 162 Cal. App.3d 571, 574-575 [207 Cal. Rptr. 853].) Moreover, we determine whether there is a reasonable possibility a defect in the complaint can be *1680 cured by amendment. (Minsky v. City of Los Angeles (1974) 11 Cal.3d 113, 118 [113 Cal. Rptr. 102, 520 P.2d 726].) If a cause of action is stated or could be stated, then the trial court erred when it decided Cardinal failed to state such action as a matter of law. (Banerian v. O'Malley (1974) 42 Cal. App.3d 604, 611 [116 Cal. Rptr. 919].)
(2a) Cardinal contends our independent review of the law will reveal his cause of action is not barred by the absolute immunity provided sellers and servers of alcoholic beverages created by section 25602 and Civil Code section 1714. He asserts our review will show his claim is specifically exempt from that immunity bar because he falls within a class of persons, those unable to resist the consumption of alcohol due to an exceptional mental or physical condition, that has been judicially recognized in Cantor v. Anderson (1981) 126 Cal. App.3d 124, 130-131 [178 Cal. Rptr. 540] as an exception to such immunity. (See also DeBolt v. Kragen Auto Supply, Inc. (1986) 182 Cal. App.3d 269, 275 [227 Cal. Rptr. 258] and Bass v. Pratt (1986) 177 Cal. App.3d 129, 135-136 [222 Cal. Rptr. 723].) Thus, he argues the trial court erred in sustaining Moondance's demurrer without leave to amend and dismissing his complaint. Our independent review shows otherwise.
This court and numerous other courts have fully documented the history of dramshop claims laws in California. (See Salem v. Superior Court (1989) 211 Cal. App.3d 595, 599 [259 Cal. Rptr. 447] and cases cited there.) It is therefore unnecessary to dwell upon that background here. We reiterate, however, the historical fact the Legislature in 1978 made sweeping changes in the statutes concerning the tort liability of alcoholic beverage providers in response to a line of cases which had expanded that liability. (See Hepe v. Paknad (1988) 199 Cal. App.3d 412, 416 [244 Cal. Rptr. 823]; DeBolt v. Kragen Auto Supply, Inc., supra, 182 Cal. App.3d at p. 273.) The new legislation granted the furnishers of such beverages full tort immunity with one explicit exception. (See §§ 25602, subds. (b) and (c), 25602.1 and Civ. Code, § 1714.)
Thus in 1978, Civil Code section 1714 was changed to provide in pertinent part:
"(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager [(1971) 5 Cal.3d 153], Bernhard v. Harrah's Club [(1976) 16 Cal.3d 313], and Coulter v. Superior Court [(1978) 21 Cal.3d 144] and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from *1681 intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person."
Section 25602, subdivisions (b) and (c) were also adopted at that time and provided in part as follows:
"(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage ... shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.
"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely ... Bernhard ... and Coulter ... be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."
At the same time this "sweeping civil immunity" (Strang v. Cabrol, supra, 37 Cal.3d 720, 724) was enacted, the Legislature created section 25602.1, which provided for tort liability against a person who sells or furnishes alcoholic beverages to an obviously intoxicated minor. (3a) As we noted in Salem v. Superior Court, supra, 211 Cal. App.3d at page 600, and as the court in Hepe v. Paknad, supra, 199 Cal. App.3d 412, 418 stressed, the California Supreme Court in Strang v. Cabrol, supra, 37 Cal.3d at page 725, used the maxim expressio unius est exclusio alterius (meaning, an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions to be implied) to hold "the Legislature abolished tort liability against the furnisher of alcoholic beverages except in only one situation, namely, providing alcohol to an obviously intoxicated minor. No other exceptions to this immunity exist." (Id. at p. 728.)
(2b) Cantor v. Anderson, supra, 126 Cal. App.3d 124, the case on which Cardinal relies for his "exception" to the statutory bar for his complaint against Moondance, was closely examined and greatly discredited by the court in Hepe. (Hepe v. Paknad, supra, 199 Cal. App.3d at pp. 417-419.) In Hepe, the plaintiff attempted to state a cause of action based on the "exceptional physical and mental condition" of his alcoholism, pleading basically the same type of allegations as Cardinal had pleaded concerning his mental condition. Hepe and Cardinal each alleged his particular "disability" was known to the server and that the service of alcohol to him was the proximate cause of his injuries.
*1682 We, like the court in Hepe, are "disinclined to expand the Cantor decision...." (Hepe v. Paknad, supra, 199 Cal. App.3d at p. 418.) We also, like Hepe, consider the reference to Cantor in Strang to be dictum that is not binding on this court. (Hepe v. Paknad, supra, at p. 419.) We, however, go beyond Hepe and conclude Cantor was wrongly decided.
As Hepe noted, Cantor, without a sound statutory basis, held that, "`where a social host knows his guest is one who because of some exceptional physical and mental condition should not be served alcoholic beverages and is or should be aware of the risks included in providing such person with alcohol, the host is not protected by [statutory immunity.]'" (Hepe v. Paknad, supra, 199 Cal. App.3d at p. 417, quoting Cantor v. Anderson, supra, 126 Cal. App.3d at p. 132, original italics.) The court in Cantor based the liability of the social host on its interpretation of language in the earlier judicial holding of Cole v. Rush (1955) 45 Cal.2d 345, 356 [289 P.2d 450, 54 A.L.R.2d 1137] (which stated: "as to a competent person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury resulting from its use; ..."), and on the theory of "concurrent proximate cause" as generally explained in Cameron v. State of California (1972) 7 Cal.3d 318, 327-328 [102 Cal. Rptr. 305, 497 P.2d 777] and Slapin v. Los Angeles International Airport (1976) 65 Cal. App.3d 484, 490 [135 Cal. Rptr. 296]. (Cantor v. Anderson, supra, 126 Cal. App.3d at pp. 130-131.)
Cole, however, did not involve an incompetent versus a competent person. Nor did the Legislature make any such distinction between persons when it made the changes to the Civil Code and the additions of sections 25602, subdivisions (b) and (c), and 25602.1 in 1978. Although the courts and statutory law have often treated incompetent persons similarly to minors regarding tort liability (See Civ. Code, § 41), constitutional requirements such as equal protection have made it necessary for the Legislature to specifically delineate any separate treatment of those considered incompetent, retarded or mentally infirm. (See People v. Gibson (1988) 204 Cal. App.3d 1425, 1437, 1441-1442 [252 Cal. Rptr. 56]; In re Eugene W. (1972) 29 Cal. App.3d 623, 627-628 [105 Cal. Rptr. 736].) Because the mentally infirm, incompetent or retarded range from those whose disability is not immediately evident to those requiring constant care, we leave it to the Legislature, guided by qualified professionals, to determine whether this large and diversified group is to be treated similarly to minors for purposes of the exclusion under section 25602.1.[2] (See Cleburne v. Cleburne Living Center (1985) 473 U.S. 432 [87 L.Ed.2d 313, 105 S.Ct. 3249].)
*1683 Moreover, both Cameron and Slapin involved questions of governmental tort liability stemming from dangerous conditions of public property and predated the statutory changes in this case; Slapin, in fact, even relied on Vesely v. Sager (1971) 5 Cal.3d 153 [95 Cal. Rptr. 623, 486 P.2d 151], one of the cases whose holding was specifically abrogated by the 1978 legislation. Under these circumstances, we find the Cantor court's interpretation of the holding in Cole strained, and its analysis of the 1978 dramshop legislation shaky at best.
Even if we were to assume Cantor reached a correct result as to its facts (the plaintiff there ran a home for developmentally disabled persons and was injured after a resident of the home became violent from consuming alcohol served him by a neighbor who knew of his disability and knew alcohol would make him violent because of the disability), we would decline to extend its holding to include the person who consumed the alcohol as one entitled to an exclusion from the tort immunity provided in the 1978 legislation. None of the case law since the 1978 amendments has expanded tort liability that far. Nor does anything in the legislative materials concerning those amendments reflect the possibility of such extension.
(3b) By declaring the consumption of alcohol, and not the sale or furnishing of such, to be the proximate cause of injury inflicted by intoxicated persons, except for sales by licensed vendors to obviously intoxicated minors, the Legislature spoke loudly, and clearly it rejected the concept of preserving even limited liability for those selling or furnishing alcoholic beverages to anyone other than obviously intoxicated minors. Such a legislative declaration is within its domain. (See Cory v. Shierloh (1981) 29 Cal.3d 430, 439 [174 Cal. Rptr. 500, 629 P.2d 8]; Rogers v. Alvas (1984) 160 Cal. App.3d 997, 1002-1004 [207 Cal. Rptr. 60].) Our Supreme Court in Strang affirmed this limitation on liability.
We therefore interpret the decision of our Supreme Court in Strang, like the court in Hepe, as requiring the result we reach today. Such intepretation comports with the clear intent of the Legislature. (2c) Cardinal thus, as a matter of law, cannot state a cause of action in light of the 1978 amendments. The trial court did not err in sustaining Moondance's demurrer without leave to amend and in dismissing Cardinal's complaint.[3]

*1684 DISPOSITION
The judgment of dismissal is affirmed.
Froehlich, J., and Nares, J., concurred.
NOTES
[1] All statutory references are to the Business and Professions Code unless otherwise specified.
[2] Even the court in Cantor recognized the fact not all incompetent, developmentally disabled or retarded persons could be excluded from the application of the strict immunity of Civil Code section 1714. (Cantor v. Anderson, supra, 126 Cal. App.3d at p. 132.)
[3] Because of the result we reach today, it is unnecessary to address the matter of a guardian ad litem.